[S. F. No. 1058.    Department One.—March 23, 1898.]

In the Matter of the Estate of MARTHA A. TWOMBLEY, Deceased.

ESTATES OF DECEASED PERSONS—PROCEEDINGS OF PROBATE COURTS—PRESUMPTION OF REGULARITY.—Every presumption, not disproved by the record itself, is to be indulged in support of the regularity and validity of the orders and decrees of the late probate courts, made within the limits of their restricted powers, as is indulged with respect to the proceedings of courts of general jurisdiction.

ID.—NOTICE OF PROBATE—PROOF OF SERVICE.—Where the record of a proceeding in the late probate court, admitting a will to probate, fails to show whether or not proof was made at the hearing of the service of the notice of probate on the heirs residing within the state, as required by section 1304 of the Code of Civil Procedure, it must be conclusively presumed, in the absence of fraud, that such proof was made, on a motion, made many years thereafter, to set aside the probate for want of such notice.

APPEAL from an order of the Superior Court of Alameda County refusing to revoke the probate of a will.  F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Naphtaly, Freidenrich & Ackerman, for Appellant.

D. W. Burchard, Fred L. Krause, F. S. Spencer, and Davis & Hill, for Respondent.

VAN FLEET, J.—The appeal is from an order refusing to revoke the probate of the last will of deceased and the grant of letters testamentary thereon, made upon demurrer sustained to the petition.

The order admitting the will to probate was made and entered by the then probate court of Alameda county, on the fifth day of May, 1879.  The petition for revocation was filed August 26, 1896—more than seventeen years thereafter.  The sole ground urged for a reversal is that it appears from the averments of the petition that the probate court never acquired jurisdiction to admit said will to probate.  This proposition is founded upon the fact, alleged in the petition, that no copy of the notice of the time appointed for the probate of the will was served, as

required by the statute, either by mail, or personally, upon pe-
titioner and the other heirs of the testatrix resident within the
state; and that there is no proof on file, or order of the court
showing such service. And it is argued that by reason of this
fact the order admitting the will to probate was and is void.

It is to be observed that every presumption, not upset by
the record itself, is to be indulged in support of the regularity
and validity of the order. This presumption of regularity ap-
plies alike to the orders and decrees of the late probate courts,
made within the limits of their restricted powers, as to proceed-
ings of courts of general jurisdiction. (*Irwin v. Scriber*, 18 Cal.
499; *Burris v. Kennedy*, 108 Cal. 331, 337.)

The petition with the exhibits attached thereto shows that
the will, accompanied by a petition for its probate stating the
necessary jurisdictional facts, was duly filed in said probate
court, and an order regularly made fixing a time for the hearing,
and directing notice of the hearing to be given by publication,
as required by the statute; that proof of the publication of the
notice was duly made by the affidavit of the publisher, and that
thereafter the court proceeded at the time designated to hear
the application for probate, and upon such hearing made the
order which it is sought to have vacated. These proceedings
sufficiently show that the court acquired jurisdiction in the
premises. (*Irwin v. Scriber, supra; Will of Warfield,* 22 Cal.
64; 83 Am. Dec. 49.) It is true the record does not show af-
firmatively that the notice of probate was served either by mail
or personally, but the statute did not require that fact to appear
of record, the requirement being simply that proof of the fact
"must be made at the hearing." (Code Civ. Proc., sec. 1304.)
While the record does not show that such proof was made,
neither does it show that it was not, and in such case the pre-
sumption is that the necessary proof was made. The rule in
this respect is, that where the record recites that which was done
nothing to the contrary may be presumed; but where the record
is silent the presumption is that that was done which was requi-
site to sustain the jurisdiction. (*Hahn v. Kelly,* 34 Cal. 391;
94 Am. Dec. 742; Black on Judgments, sec. 284.) And in the
absence of any showing of fraud this presumption is conclusive.

The authorities relied on by appellant in no respect contravene

the principles we have announced. The demurrer was properly sustained and the judgment must be affirmed.

It is so ordered.

Garoutte, J., and Harrison, J., concurred.