[L. A. No. 872.   Department One. — August 10, 1901.]

## FRANCISCO SANCHEZ, Administrator, etc., Respondent, v. M. A. FORSTER et al., Appellants.

ESTATES OF DECEASED PERSONS — DEBT OF ADMINISTRATOR TO DECEDENT — LIABILITY OF SURETIES. — The sureties on the bond of an administrator are in no sense guarantors of a debt owed by the administrator to the decedent in his lifetime; but they are liable for the debt, or any part thereof which remained unpaid through the fault of the administrator, where he had the financial ability to pay it and failed to do so.

ID. — INTEREST OF ADMINISTRATOR IN ESTATE — MONEYS UNACCOUNTED FOR — EXTENT OF LIABILITY OF SURETIES. — Where it appears that the administrator had an interest in the estate of the value of two thousand dollars, and that the sureties were liable on his bond for moneys unaccounted for by the administrator, in the sum of seven hundred dollars, the sureties are liable for the administrator's debt to the extent of the remaining thirteen hundred dollars.

ID. — CONVEYANCE BY ADMINISTRATOR TO SURETIES — OFFER OF SURETIES TO ESTATE. — Where an administrator conveyed all of his interest in the estate to his sureties, an offer by them to convey the same to the succeeding administrator, in consideration of a release of all liability of the sureties to the estate, may be properly declined by the succeeding administrator on account of the independent liability of the sureties to the estate for moneys unaccounted for by the former administrator.

APPEAL from a judgment of the Superior Court of Orange County and from an order denying a new trial.   J. W. Ballard, Judge.

The facts are stated in the opinion of the court.

Scarborough, Matthews & Forgy, and F. O. Daniel, for Appellants.

George D. Blake, Victor Montgomery, and Brousseau & Montgomery, for Respondent.

GAROUTTE, J. — Defendants, who are appellants, prosecute this appeal from the judgment and order denying their motion for a new trial.   The plaintiff, as administrator of the estate of Thomas A. Yorba, deceased, brings this action against defendants, who are sureties upon the bond of Felipe Yorba, the

former administrator of said estate, to recover money alleged to be due the estate from said former administrator. These appellants were sureties upon his bond, in the sum of two thousand dollars, and judgment has been rendered against them in that sum. At the time of the appointment of Felipe Yorba as administrator he was indebted to the estate of Thomas Yorba, deceased, in the sum of six thousand dollars. It is also conceded that he failed to account to the present administrator for the sum of $685.95, coming to his hands as administrator. No part of these debts has ever been paid.

The court is well satisfied that the sureties upon an administrator's bond are in no sense guarantors of a debt owed by the administrator to the deceased in his lifetime. In view of the provisions of section 1447 of the Code of Civil Procedure, taken in connection with principles of equitable estoppel presented by the facts of that particular case, a contrary rule was held as to executors in *Treweek* v. *Howard*, 105 Cal. 434. But neither the aforesaid section of the code, nor any other section, applies the same restrictions to administrators. This court is not called upon to declare what the common-law rule is in such a case, for section 1615 of the Code of Civil Procedure declares: " No executor or administrator is accountable for any debts due to the decedent, if it appears that they remain uncollected without his fault." This rule of law applies to the debt of an administrator, equally with that of any other person, and, as before suggested, the special restrictions upon executors, as declared in said section 1447 of the Code of Civil Procedure, are not made applicable to administrators. The true rule governing the liability of sureties of administrators in such cases is declared in *Lyon* v. *Osgood*, 58 Vt. 707; and that decision has been approved by this court in the late case of *Estate of Walker*, 125 Cal. 242.[1]

The liability of these defendants for the debt of the administrator depends upon the fact as to whether or not the debt was uncollected through his fault. Or, bringing the question directly to the door of the administrator, it may be said his sureties are liable, if, during his administration of the estate, he had the financial ability to pay the debt and failed to do so. As to his financial ability to pay the debt, the trial court found as a fact that his interest in the estate, of which he was

[1] 73 Am. St. Rep. 40.

administrator, was of the value of two thousand dollars. In support of the judgment rendered it must be assumed that his *net interest* in the estate of deceased was of the value of two thousand dollars. As we have seen, these sureties, aside from the financial ability of the administrator, were liable for about seven hundred dollars, for unaccounted money coming into his hands. Thus as to them, this interest of the administrator in the estate was only required to satisfy about thirteen hundred dollars of his debt, and this being so, it will be held that, through the medium of his interest in the estate, he should have paid at least thirteen hundred dollars of the debt, and having failed to do so, his sureties are responsible for his failure. In view of the findings of the court as to the net value of his interest in the estate, no importance is attached to the fact that his assets consisted of an undistributed share thereof. The case stands the same as though he owned in entirety the fee to a tract of land of the same value.

Previous to the trial in the superior court, the former administrator, by conveyance, transferred his interest in the estate to these defendants; and the point is now made, that, during the progress of the trial, they offered to deed the interest acquired by them from their principal to plaintiff, in consideration of a full release of their liability upon the bond. As to this offer it is only necessary to say that defendants, beyond this question of the administrator's interest in the estate, admit a liability of about seven hundred dollars, and this, of itself, justified plaintiff in declining the offer.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.