Argued 8 June, decided 1 August, 1904.

## UNITED BRETHREN *v.* AKIN.

[ 77 Pac. 748, 66 L. R. A. 654.]

LIABILITY OF EXECUTOR FOR DEBT DUE TO DECEDENT.*

1. Under Section 1144, B. & C. Comp., providing that an executor of an estate shall be liable for any claim of the testator against him, "as for so much money in his hands," a debt of the executor of an estate on a note executed to the testator in his lifetime should be charged as so much money in the hands of the executor on the settlement of his final account, though the executor at the time of and after his appointment was unable to pay the note.

LIMIT OF LIABILITY OF SURETIES ON EXECUTOR'S BOND.

2. The sureties on the bond of an executor are liable when and as he is with reference to the property coming into his hands, and a decree of the probate court that binds the principal will equally bind the sureties, unless for fraud or collusion.

EXECUTOR'S PERSONAL DEBT TO DECEDENT — LIABILITY OF SURETIES.

3. The sureties on an executor's bond, though they executed it without any knowledge of indebtedness by the executor to the decedent, or of the executor's insolvency, are still liable for the amount of such personal debt by the executor.

EXECUTOR'S FRAUD THAT WILL RELEASE SURETIES.

4. Fraud that will release the sureties on an executor's official bond must be fraud in which the beneficiaries seeking to enforce the liability were themselves participants.

From Benton : JAMES W. HAMILTON, Judge.

This is an action by the United Brethren First Church of Eugene against J. L. Akin and the sureties on his official bond as an executor to recover the amount decreed by the probate court as due on its claim against the estate of which Akin had charge. Further facts appear in the opinion. There was a judgment for plaintiff and defendants appeal.                    AFFIRMED.

For appellant there was an oral argument by *Mr. J. R. Wyatt*, with a brief over the name of *Weatherford & Wyatt*, to this effect.

I. We contend that the sureties on the executor's bond are not liable for the personal debt of the executor to the

---

*NOTE — As to the liability of executors and administrators and their sureties for personal debts to their decedents see *Estate of Walker*, 72 Am. St. Rep. 40, 46 ; *Arnold* v. *Arnold*, 82 Am. St. Rep. 199, 204, and *Re Estate of Howell*, 61 L. R. A. 313.                    REPORTER.

deceased where it appears that they had no personal knowledge of its existence at the time of signing the bond, and that the exectutor was insolvent during the entire period of administration, and that the debt remained uncollected was not his fault or that of his sureties: *Re Howell's Estate,* 66 Neb. 575 (61 L. R. A. 313, 92 N. W. 760); *Condit* v. *Winslow,* 106 Ind. 142 (5 N. E. 571); *State ex rel.* v. *Gregory,* 119 Ind. 503 (22 N. E. 1); *Gottsberger* v. *Smith,* 5 Duer, 566; *Baucus* v. *Stover,* 89 N. Y. 1; *Harker* v. *Irrick,* 10 N. J. Eq. (2 Stockt. Ch.) 269; *Re Walker's Estate,* 125 Cal. 242 (72 Am. St. Rep. 40, 57 Pac. 991); *Garber* v. *Commonwealth,* 7 Pa. St. 265; *Re Pipes' Estate,* 15 Pa. St. 533; *Lyon* v. *Osgood,* 58 Vt. 707 (7 Atl. 5); *McCarthy* v. *Frazier,* 62 Mo. 263, 265; 2 Sutherland, Damages, § 495.

II. It is contended here that the final decree in probate is conclusive in the absence of fraud, but the mere fact that the executor did not disclose to the sureties his indebtedness amounts to a fraud: *Harker* v. *Irrick,* 10 N. J. Eq. (2 Stockt. Ch.) 269.

For respondent there was an oral argument and a brief by *Mr. Edward R. Bryson,* to this effect.

1. A decree settling the final accounts of an executor and distributing the estate is conclusive on the sureties on the executor's bond, in the absence of fraud or collusion, as to all property chargeable to the principal in his official capacity: *Bellinger* v. *Thompson,* 26 Or. 320, 343 (37 Pac. 714, 40 Pac. 229); *Thompson* v. *Dekum,* 32 Or. 506, 516 (52 Pac. 517); *Stovall* v. *Banks,* 77 U. S. (10 Wall.) 583; *Greer* v. *McNeil,* 11 Okl. 519 (69 Pac. 891, 898); *Judge of Probate* v. *Sulloway,* 68 N. H. 511 (49 L. R. A. 347, 73 Am. St. Rep. 619, 44 Atl. 720); *Treweek* v. *Howard,* 105 Cal. 434 (39 Pac. 20); *Re Walker's Estate,* 125 Cal. 242 (73 Am. St. Rep. 40, 57 Pac. 991); *Bassett* v. *Fidelity & Deposit Co.* 184 Mass. 210 (100 Am. St. Rep. 552, 68 N. E.

205); *Garber* v. *Commonwealth*, 7 Pa. St. 266; Woerner, Am. Adm'n, § 255; Abbott, Trial Ev. § 23; 11 Am. & Eng. Enc. Law (2 ed.), 901.

2. Fraud, to constitute a defense for the sureties, must be the fraud of the one seeking to enforce the bond: 1 Woerner, Law of Adm'n, § 255; *Treweek* v. *Howard*, 105 Cal. 434 (39 Pac. 20); *McGaughey* v. *Jacoby*, 54 Ohio St. 487 (44 N. E. 231).

3. Under such a statute as ours the executor's debt becomes an official liability the discharge of which is insured by the bond, and the executor's inability to pay is not a defense for the sureties on his bond: *Lambrecht* v. *State, to Use*, 57 Md. 240; *Judge of Probate* v. *Sulloway*, 68 N. H. 511 (49 L. R. A. 347, 73 Am. St. Rep. 619, 44 Atl. 720); *Tracy* v. *Card*, 2 Ohio St. 449, 452; *McGaughey* v. *Jacoby*, 54 Ohio St. 487 (44 N. E. 231); *James* v. *West*, 67 Ohio St. 28 (65 N. E. 156); *Treweek* v. *Howard*, 105 Cal. 434 (39 Pac. 20).

4. Independent of statute the same rule prevails on grounds of public policy and justice: *Leland* v. *Felton*, 1 Allen, 531; *Bassett* v. *Fidelity & Deposit Co.* 184 Mass. 210 (100 Am. St. Rep. 552, 68 N. E. 205); *Modawell* v. *Hudson*, 57 Ala. 75; *Wright* v. *Land*, 66 Ala. 389; *Succession of Bailey*, 30 La. Ann. 75; *Twitty* v. *Houser*, 7 S. C. 163; *Todd* v. *Davenport*, 22 S. C. 147.

MR. JUSTICE BEAN delivered the opinion of the court.

1. This is an action by the United Brethren First Church, of Eugene, a creditor of the estate of Peter W. and Hannah R. Mason, deceased, against J. L. Akin, as executor of such estate, and the sureties on his official bond, to recover the amount due plaintiff under the decree of final settlement and distribution. Akin was indebted to the estate in the sum of $830 and interest on a promissory note executed and delivered by him to Peter W.

Mason in his lifetime. At the time of his appointment as executor he was insolvent, and has ever since so continued, and is unable to pay the note. He was, nevertheless, properly charged, under Section 1144, B. & C. Comp., (which was Section 1117 of Hill's Ann. Laws), on his final settlement, with the amount of such note and interest, as "so much money in his hands," and the amount was included in the order of distribution: *Mason's Estate*, 42 Or. 177 (70 Pac. 507, 95 Am. St. Rep. 734).

2. The single question on this appeal is whether the sureties on his official bond, who executed the same without knowledge of his indebtedness or his insolvency, are liable under the decree of final distribution for the amount of his personal debt to the estate. In our opinion, there can be but one answer to the question. It is common learning that the liability of the sureties of an executor is coextensive with that of the principal, and a decree of the county or probate court which binds the principal will, in the absence of fraud or collusion, bind them: *Bellinger* v. *Thompson*, 26 Or. 320, 343 (37 Pac. 714, 40 Pac. 229); *Thompson* v. *Dekum*, 32 Or. 506, 516 (52 Pac. 517, 755); 11 Am. & Eng. Enc. Law (2 ed.) 901; Abbott, Trial Ev. (2 ed.) 638; Abbott, Probate L. & Prac. § 538; *Greer* v. *McNeil*, 11 Okl. 519 (69 Pac. 891); *Stovall* v. *Banks*, 77 U. S. (10 Wall.) 583.

3. It follows that when an executor has been charged upon the settlement of his accounts with a personal debt which he owed the deceased, whether by virtue of a statute, as in this State, or without a statute, as in other jurisdictions, the sureties on his bond are bound for the payment thereof, and the executor's insolvency or inability to pay is no defense, and so are the adjudged cases. *Judge of Probate* v. *Sulloway*, 68 N. H. 511 (44 Atl. 720, 49 L. R. A. 347, 73 Am. St. Rep. 619), was an action on an executor's bond to recover the amount decreed to

be in the hands of the executor upon final settlement, which account included a debt due from him to the estate. The executor was insolvent when appointed, and continued so, but it was held, nevertheless, that the amount of his debt was, under the statute of that State, properly charged to him as "so much cash on hand," and that his bondsmen were bound by the decree; the court saying: "The liability of the sureties is coextensive with that of the principal. They are his privies. By whatever decree of the probate court their principal is bound, they are bound. This is because they have, in legal effect, so stipulated in the bond. It necessarily follows that they are bound to whatever, in law, their principal, the executor is bound. That he is bound to account for his indebtedness to the testator is not questioned, nor is it claimed that he is relieved from this obligation by the fact that he is insolvent or unable to pay."

In Massachusetts, an executor, though insolvent, is chargeable on final settlement with the amount of a debt due from him to the deceased, without a statute, as though "he had actually received so much money": *Stevens* v. *Gaylord*, 11 Mass. 256. In *Bassett* v. *Fidelity & Deposit Co.* 184 Mass. 210 (100 Am. St. Rep. 552, 68 N. E. 205), the court was asked to hold that, although an executor was so chargeable, the sureties on his official bond were not liable, but it said: "That is out of the question. That contention flies directly in the face of the elementary principles governing the effect of a decree allowing a probate account, and the elementary principles as to the obligation of a surety on a probate bond. In the first place, a decree of a probate court allowing an account of an executor or other official is binding on all interested in the estate, including sureties on the bond of the accountant. * * In the second place, the obligation of a surety on a probate bond is the obligation of the principal. The bond

is a joint bond, and the judgment necessarily must be the same against both. This is more than a technical rule of law. It is a place where the true character of a surety's liability comes to the surface. The ground on which it was held that a surety has a right of appeal in such a case was that the decree settling the account of the principal, 'if once properly established, fixes the amount of liability of the sureties on their bond.' And ENDICOTT, J., in *Tarbell* v. *Jewett*, 129 Mass. 457, 468, speaking of *Leland* v. *Felton*, 1 Allen, 531, said that it was held that the executor would be charged for his own notes and for the notes of his firm held by the testator, although both he and the firm were insolvent, 'which, of course, rendered his sureties liable.'"

California has a statute in reference to the liability of executors similar to ours. *Treweek* v. *Howard*, 105 Cal. 434 (39 Pac. 20), was an action on an executor's bond based on a decree of final settlement, in which the executor had been charged with a large amount of money which he had embezzled during the lifetime of the deceased. It was held that the sureties were liable, and that "the decree of distribution entered in the superior court, and the order of such court in passing upon and approving the account of the executor, were, in the absence of fraud, binding upon the executor and his sureties, although the latter were not parties to the proceeding." These cases are but the necessary application of the general doctrine that the sureties of an executor or administrator are bound by the decree against their principal. To the same effect are *Wright* v. *Lang*, 66 Ala. 389; *Lambrecht* v. *State, to Use*, 57 Md. 240; and *McGaughey* v. *Jacoby*, 54 Ohio St. 487 (44 N. E. 231).

*Baucus* v. *Barr*, 45 Hun, 582, affirmed on appeal, without an opinion, in 107 N. Y. 624 (13 N. E. 939), is the only decision to which our attention has been called, or which

we have been able to find, holding a contrary doctrine. It stands alone, and not only disregards or overlooks the rule recognized and enforced in that State that a decree against an executor, in the absence of fraud or collusion, is binding on the sureties (*Gerould* v. *Wilson*, 81 N. Y. 573; *Harrison* v. *Clark*, 87 N. Y. 571), but it is also against the great weight of authority as to the liability of the sureties of an executor for a personal debt of their principal, under a statute like ours. See cases cited in *Mason's Estate*, 42 Or. 177 (70 Pac. 507, 95 Am. St. Rep. 734). The *Estate of Walker*, 125 Cal. 242 (57 Pac. 991, 73 Am. St. Rep. 40), was an appeal from a decree of final settlement of an administrator, and is not in point. We are therefore of the opinion that under the statute of this State, and by the great weight of authority, the sureties on the official bond of Akin as executor of the Mason estate are liable for the amount of his personal debt to the estate, notwithstanding his insolvency. The fact that they executed the bond in ignorance of the indebtedness or of his insolvency is no defense for them, or ground for relief, legal or equitable.

4. The sureties on an executor's bond will not be discharged from liability, even by the fraud of the executor in procuring their execution of the bond, when the beneficiaries of the estate in whose interest the liability is sought to be enforced are themselves innocent of the fraud: *Treweek* v. *Howard*, 105 Cal. 434 (39 Pac. 20); *McGaughey* v. *Jacoby*, 54 Ohio St. 487 (44 N. E. 231).

The conclusion reached may in some respects be a harsh one, and impose on the sureties a liability which they did not suppose themselves assuming. The statute fixing the liability of their principal was, however, a part of the law of the State at the time the bond was executed, they must be presumed to have executed it with reference thereto, and, as said in *Treweek* v. *Howard*, 105 Cal. 434 (39 Pac.

20), "are as liable as they would have been, had section 1447 been incorporated in the bond." The judgment is therefore affirmed.       Affirmed.

Decided 27 June, 1904.