(December 9, 1904.)

IN RE GUARDIANSHIP OF ARVA AND ELMER BRADY, IN-FANT CHILDREN OF JOHN C. BRADY, DECEASED.

[79 Pac. 75.]

GENERAL GUARDIAN—POWERS AND AUTHORITY TO INCUR EXPENSE IN LITIGATION OVER PROBATE OF WILL—JURISDICTION OF PROBATE COURT PLENARY WHEN ONCE ACQUIRED.

1. The probate courts of this state have jurisdiction to appoint a guardian for minors domiciled in the state, and after having made such appointment the courts retain jurisdiction for all purposes in connection therewith until the guardian's accounts are rendered and he is legally discharged.

2. Where a testamentary guardian for minor children is named by the last will and testament of a decedent, and there is reasonable ground to believe that the will is valid and legal, a general guardian of the minors is justified in incurring the expenses necessary in resisting a contest of such will, even though he should fail to establish its validity.

3. In a petition for the settlement and allowance of a guardian's account, it is not necessary to allege the steps taken in procuring his appointment, since probate courts are, in such matters, courts of general jurisdiction, and every intendment is in favor of the regularity of their judgments and orders. (*Clark v. Rossier, ante,* p. 348, 78 Pac. 358, approved and followed.)

(Syllabus by the court.)

APPEAL from District Court in and for Kootenai County. Honorable Ralph T. Morgan, Judge.

A petition was filed in the probate court of Kootenai county by Thomas J. Purcell for the allowance to him, as general guardian, out of the estate of Arva and Elmer Brady, minors, his costs and expenses incurred in conducting litigation over the probate of the will of their deceased father. A demurrer was sustained to the petition in the probate court and the petitioner appealed. The district court affirmed the judgment of the probate court, and from such judgment the petitioner appealed to this court. Reversed.

The facts are stated in the opinion.

Cyrus Happy, for Appellant.

The petition having alleged the appointment of appellant as guardian, and the demurrer having admitted all the facts stated in the petition, appellant contends that it will be presumed the probate court, in making the appointment alleged to have been made, had jurisdiction and authority to make the appointment, and that the order for judgment of the probate court cannot be successfully assailed in this collateral way. Section 3842 of the Revised Statutes of 1887 provides as follows: "The proceedings of this court (probate) are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees there is accorded like force, effect and legal presumption as to the records, orders, judgments and decrees of the district courts. Provided, that this section shall be applicable to its probate proceedings, records, orders, judgments and decrees only." (*Ollis v. Orr*, 6 Idaho, 474, 56 Pac. 162; Van Fleet's Collateral Attack, secs. 1, 841; Woerner's American Law of Guardianship, sec. 135; *Castetter v. State*, 112 Ind. 445, 448, 14 N. E. 388; *Kelley v. Morrell*, 29 Fed. 736; *People v. Wilcox*, 22 Barb. 178, 186; *Glendenning v. McNutt*, 1 Idaho, 592.) As general guardian it was the duty of appellant to attend to the interests of his wards in any proceedings in court concerning the estate of their father in which they were inter-

ested. (Rev. Stats. 1887, sec. 5673.) This is specifically required in contests of wills. (Rev. Stats. 1887, sec. 5669; Woerner's American Law of Guardianship, p. 190.) This guardian acted in conformity with these requirements of the law. In the probate, district and this court he appeared as the guardian of these wards, and in no other capacity. Moreover, he was recognized in all those courts in the several trials had concerning this contest of the proposed will as the general guardian of the children. (Pine v. Callahan, 8 Idaho, 684, 71 Pac. 474.) It being the duty imposed by statute upon the guardian of these children to represent them in the proceedings instituted to contest their father's will, and in carrying out those duties, having incurred these costs, is he not entitled to be reimbursed at least to the amount thus paid out and incurred by him? (Stats. 1887, sec. 5796; Woerner's American Law of Guardianship, pp. 105, 194.) The guardian is entitled to be reimbursed for costs and counsel fees paid by him for professional advice, and for prosecuting and defending suits in the ward's interest necessary in the legitimate business of the ward's estate. (Mathes v. Bennett, 21 N. H. 204; Holcomb v. Holcomb, 13 N. J. Eq. 415; Alexander v. Alexander, 8 Ala. 796; Curren v. Abbott, 141 Ind. 492, 50 Am. St. Rep. 337, 40 N. E. 1090.) In conclusion, we respectfully claim that Father Purcell was duly appointed guardian of these minor children by the probate court of Kootenai county, and that said court at the time had jurisdiction of the parties and the subject matter. In any event, the question of jurisdiction and the regularity of the appointment cannot be raised by a demurrer in this case—that as such guardian it was his imperative duty to represent his wards. That he did so represent them in the will contest in which they were interested. That he was recognized as such guardian in all the courts through which the litigation was carried. That in performing this duty, the items embraced in his account, attached to his petition, were contracted and expended. It is too plain for citation of authorities that this is in the nature of a collateral attack, if it is anything, upon the judgment or order of the probate court which appointed appellant general guardian of these wards. (Peyton v. Peyton, 28 Wash. 278, 68 Pac. 757;

*Kalb v. German Sav. etc. Soc.,* 25 Wash. 351, 87 Am. St. Rep. 757, 65 Pac. 559.)

John B. Goode, for Respondent.

It is an admitted fact in this case that the infants who are entitled to receive the benefits of the insurance certificates and policies of insurance mentioned in the petition are domiciled in the county of Keokuk, in the state of Iowa, and have been so domiciled since the death of their last surviving parent, John C. Brady. It is also an admitted fact that a guardian has been appointed for the persons and estates of said infants by the district court of Keokuk county, Iowa, a court of probate jurisdiction, and that said guardian has duly qualified as such. The only question presented by the petition is, "Can the probate court of Kootenai county withhold from such guardian these certificates and policies of insurance until the claims set out in the petition are liquidated?" Or, "Can the amount of said claims be made a charge against said policies and certificates?" Such is the prayer of the petitioner, and we contend that the probate court of Kootenai county has not jurisdiction to either withhold the policies or make any order which would create a lien upon the proceeds. The minors in this case after the death of their parents took up their residence with their maternal relatives in the state of Iowa, and acquired their domicile. (See *In re Benton,* 92 Iowa, 202, 54 Am. St. Rep. 546, 60 N. W. 614; *Lamar v. Micou,* 114 U. S. 218, 5 Sup. Ct. Rep. 857, 29 L. ed. 94.) The preference due to the law of the ward's domicile, and the importance of a uniform administration of his whole estate, require that, as a general rule, the management and investment of his property should be governed by the law of the state of his domicile, especially when he actually resides there, rather than by the law of any state in which a guardian may have been appointed or may have received some property of the ward. *(Lemar v. Micou,* 112 U. S. 452, 5 Sup. Ct. Rep. 221, 28 L. ed. 751.) The judgment of the court of *superior* jurisdiction may be collaterally attacked upon the ground that the court by which it was rendered had no jurisdiction, either of the subject matter or of the

person of the defendant or both. *(Hahn v. Kelly,* 34 Cal. 391, 94 Am. Dec. 742; *Palmer v. Oakley,* 2 Doug. (Mich.) 433, 47 Am. Dec. 41; Woerner's American Law of Guardianship, 111.)

AILSHIE, J.—This case arose out of the facts and transactions disclosed in the case of *Pine v. Callahan,* 8 Idaho, 684, 71 Pac. 473. The appellant, Thomas J. Purcell, having been named by the purported will of John C. Brady, deceased, as the testamentary guardian of the minors, Arva and Elmer Brady, applied to the probate court of Kootenai county, and was on the twentieth day of July, 1901, appointed as general guardian of the persons and estates of the said minors. At the time of the death of John C. Brady, these two minor children were living and residing with their father in Kootenai county. Their mother had died some two years previous. The domicile of the minors was not changed after the death of their father, and still continued to be in Kootenai county at the time of the appointment of the appellant as general guardian. On the twenty-ninth day of July, 1901, it seems that Frank Pine, a resident of the state of Iowa, who is named in this proceeding as the guardian of the minors, was appointed by the district court of Keokuk county, Iowa, as guardian of the persons and property of the minors, Arva and Elmer Brady. It appears that some time between the twentieth and twenty-ninth days of July, 1901, the Iowa guardian, Frank Pine, who is a maternal uncle of the minors, in some surreptitious way, or at least not by an order of any Idaho court, removed the children from this state and took them to the state of Iowa. It is clear that Pine was neither the natural nor testamentary guardian of these minors, and it is doubtful if, under the facts in this case, he had any power or authority to change their domicile, although he removed them physically from the jurisdiction of the domicile. *(Lamar v. Micou,* 112 U. S. 452, 5 Sup. Ct. Rep. 221, 28 L. ed. 751.) It is shown by the record that the maternal and paternal grandparents of these minors were all living at the time of these transactions, but it nowhere appears that any of the grandparents ever changed the domicile of the minors or participated therein. Soon after the death of Brady, John C. Callahan, who was named as executor in

the purported will, filed the document in the probate court of Kootenai county and asked to have the same admitted to probate as the last will and testament of John C. Brady, deceased. About the same time the respondent Pine filed a petition asking that he be appointed guardian *ad litem* for the purpose of contesting the validity of the document purporting to be a last will and testament. This petition was granted, and Pine was appointed as guardian *ad litem,* and thereafter successfully prosecuted the contest of the will to a final judgment in this court as announced in *Pine v. Callahan, supra.* After the conclusion of the litigation over the probate of the will, the general guardian, Thomas J. Purcell, who had been appointed by the Idaho court, filed his petition in the probate court of Kootenai county, accompanied by an itemized statement of his expenses and disbursements incurred in carrying on the litigation and prayed for a settlement and allowance of the same. To this petition Pine filed a demurrer, and at the same time an answer. The respondent interposed two grounds of demurrer: "1. That this court has no jurisdiction of the subject of the said petition; 2. That the petition does not state facts sufficient to constitute a cause of action, and to entitle the said petitioner to the relief prayed for therein." This demurrer was sustained by the probate court and judgment was thereupon entered dismissing the petition. From the judgment and order so entered the petitioner appealed to the district court where the matter was again heard upon the demurrer, whereupon the judgment and order of the probate court was affirmed. From the judgment and order of the district court the petitioner, Thomas J. Purcell, appealed to this court. The substance of the first contention made by the respondent in this case is that since the minors are beyond the jurisdiction of the courts of Idaho, and are under the care and protection of a guardian, appointed by the court of another state, that this court has lost jurisdiction of the subject matter. It should be here observed that the general guardian appointed in this state never came into possession of any property belonging to his wards, except three insurance certificates on the life of the deceased father, and in favor of the minors. These insurance policies

have been in the possession of the guardian and the probate court of Kootenai county ever since the appointment of appellant as general guardian.

We do not understand how the unauthorized removal of the wards from the jurisdiction of the domicile to another state or the appointment of a guardian by a court of a foreign jurisdiction can oust the courts of this state of the jurisdiction which they had once acquired. There is no doubt but that when the wards were domiciled within this state and their only property, these insurance policies, were within the state, the probate court had jurisdiction to appoint a general guardian and to direct and control his conduct as such guardian. After having made such appointment the court retained jurisdiction for all purposes in connection therewith until his accounts are rendered and he is legally discharged. If the domicile of the wards should be legally transferred to another state and the wards retained no property in this state requiring the care and attention of the guardian, such facts might, and perhaps would, be cause for settlement of the account of the guardian in this state and his discharge. But that question does not arise in this case. It is argued, however, that the general guardian appointed by the probate court of this state, who was also named as testamentary guardian in the purported will, was without authority to conduct the litigation over the probate of the will and to incur expenses in connection therewith. We are not in accord with this view of the case. It would seem to us that where the will appeared to be legal and fair upon its face, as it did in this case, and by the terms of such will the testator had named a guardian for his minor children, it was within the scope of the guardian's power and authority to pursue reasonable methods for the proof and probate of that instrument. Sections 5669 and 5673 indicate a legislative intent to cover such cases as this. He was recognized and treated as general guardian by all the courts of this state throughout the entire litigation over the probate of the will. (See *Pine v. Callahan,* 8 Idaho, 684, 71 Pac. 473.)

The second point argued by respondent is that the petition does not allege that notice was given of the application for ap-

pointment of a guardian as required by section 5707, Revised Statutes, and that it does not show that all the steps were taken as required by statute in securing the appointment of appellant. The argument under this point proceeds upon the theory that the probate courts of this state are courts of inferior and limited jurisdiction. That point has been decided by this court adversely to the contention of respondent in *Clark v. Rossier, ante,* p. 348, 78 Pac. 358. In that case it was said: "A court of general jurisdiction is one whose judgment is conclusive until modified or reversed on direct attack, and which court is competent to decide on its own jurisdiction, and exercise it to a final judgment, without setting forth the evidence. The record of such court is absolute verity. The probate court of this state, as far as its jurisdiction in regard to probate and guardian matters is concerned, is such a court."

The items for which appellant claimed allowance in the probate court and the amounts thereof are as follows:

"To A. C. Libby, court stenographer, for transcript.... $154 35
Printing transcript for supreme court.............. 236 75
Printing brief of appellants for supreme court........ 117 30
Filing transcripts in supreme court.............. .. 15 00
Cost transcript from probate court.................. 17 00
Judgment for costs recovered by respondents in supreme
    court against appellants ..................... 45 00
Judgment recovered against appellants by respondents
    in district court........ .......... ......... 171 50
Witness fees and mileage for the following witnesses at-
    tending the probate court and district court trials:
    Dr. J. C. Cunningham, Dr. C. W. Roberts, Miss
    Anne Deems, and Miss Emma N. Orndorf...... 64 25
Copy of opinion of supreme court of Idaho........... 5 00
Attorneys' fee to Happy & Hindman, attorneys for
    guardian........ ............. ............ 600 00
Guardian's compensation......... ................

        Total....... ............... ....$     "

Sections 5669, 5671 and 5796 provide for the payment of the reasonable expenses incurred by a guardian in the discharge of

his duties, such as was done in this case. We are of the opinion, however, that after the probate court had decided against the validity of the will, and this appellant had appealed to the district court and that court had again decided against the validity of the will, the guardian would not be justified in charging up the costs and expenses of a further appeal against the estate of his wards. After two courts of general jurisdiction had decided against his contention, he had certainly fully discharged his duty toward his wards in his effort to sustain what purported to be a request by their deceased parent as to their guardianship, and we are not inclined to sanction the charge of that additional expense against the estate of the wards. In our view of this matter the appellant should be allowed his reasonable expenses incurred in the probate and district courts, and any judgments for costs which may have been there entered against him, and also reasonable allowance for attorney's fees in those two courts, together with such reasonable sum as to the probate court may seem just for the services of the guardian in attendance upon the trials in those courts. We also think it would be proper to allow the guardian the expense of securing a transcript of the stenographer's notes in the district court.

The judgment of the district court will be reversed and the cause remanded, with direction to the district court to overrule the demurrer and remand the cause to the probate court for a hearing upon the merits in conformity with the views herein expressed.

Costs of this appeal awarded to appellant.

Sullivan, C. J., and Stockslager, J., concur.