Rockingham, }
Oct. 6, 1914. }

### STATE *v.* JOSEPH SALVAIL & *a.*

In an action upon a liquor dealer's bond, the state is entitled to a verdict upon
   proof that any provision of the license act was violated at the place designated
   in the license.
It is no defence to an action upon a liquor dealer's bond that the sureties were
   misled by a false statement made by the principal in his application for a license.

DEBT, upon a liquor licensee's bond.   Trial by the court and
verdict for the state, to which the defendants excepted.   Trans-
ferred from the January term, 1914, of the superior court by
*Sawyer*, J.

July 1, 1909, Salvail, the principal, applied for a second-class
liquor license to be exercised on certain premises in Nashua where
he had been engaged in the same business for several years, and on
the same date entered into an agreement for a sale of the license and
the stock and fixtures in the saloon to one Ricard, who was not
qualified to hold a license.   Ricard paid the license fee to Salvail,
who forwarded it to the license commissioners with the application

and bond.   Salvail stated in the application that he was the sole owner of the business.   July 14, the license was issued to Salvail and by him  delivered to Ricard, who carried on business under it from July 19 to November 1, when Salvail took possession of the place because of Ricard's failure to make payment according to the contract of sale and thereafter conducted it.   December 31, the license commissioners, upon a complaint charging Salvail with the false statement in the application, and after notice and hearing, revoked the license and declared the bond forfeited.

*James P. Tuttle*, attorney-general, and *Ernest L. Guptill*, solicitor, for the state.

*Kelley & Hatch*, for the American Fidelity Co.

YOUNG, J.   The only question of law raised by the defendants' exception is whether the verdict can be sustained.   Consequently it will not be necessary to consider their contention that an intentionally false statement contained in an application for a license does not constitute a breach of the bond, for it is conceded that Salvail permitted Ricard to engage in the liquor business at the place designated in the license, in violation of law.   In other words, it is conceded that Salvail permitted Ricard to violate one of the provisions of the license act at the place designated in the license, from July 19 to November 1.   That authorized the board of license commissioners to cancel the license and forfeit the bond, for the license act provides: "At any time after a license has been issued to any person, the same may be revoked and cancelled by said board . . . if any provision of this act is violated at the place designated in the said license by  . . .  any person whomsoever in charge of said premises."   Laws 1903, *c.* 95, *s.* 14.   Since one of the provisions of the act was violated at the place designated in the license, the state is entitled to a verdict against Salvail and also to one against his sureties; for it is no answer to this action for them to show that they would not have signed the bond but for the false statement contained in Salvail's application for the license.   *Ashuelot Savings Bank* v. *Albee*, 63 N. H. 152; *Hudson* v. *Miles*, 185 Mass. 582, 587; *Western etc. Ins. Co.* v. *Clinton,* 66 N. Y. 326, 331; *Ripley Building Co.* v. *Coors*, 37 Col. 78; *United Brethren* v. *Akin*, 45 Ore. 247.

*Exception    overruled.*

All  concurred.