This appeal presents error from the district court of Seminole county and is based upon a decision of said court affirming the action of the county court of said county in overruling the objections of Robert H. Green, administrator, and approving the final report of J. E. Yearger as administrator of the estate of James R. Green, deceased. The facts disclosed by the record are in substance as follows:
James R. Green died in Oklahoma City in September, 1918, leaving surviving him the following children: Robert H. Green, Pearl Ditmer, Jessie Cantrell, James A. Green. Mrs. John Taylor, Mrs. Nellie Weaver, George W. Green, and Fairy Burt. Mrs. Jessie Cantrell, the eldest daughter of deceased, filed a petition in the Seminole county court for administration of the estate in that jurisdiction, Seminole county being the actual residence of the deceased. The petition *Page 284 
specifically informs the court that Robert H. Green, plaintiff in error, was the oldest son of deceased, and alleged that he was not a resident of the said county, and that his residence was unknown. The petition also alleged that there was considerable personal property which should be looked after. The petitioner waived her right to be appointed administratrix and requested the appointment of J. E. Yearger, and the appointment of Yearger was made by the county court upon the same day of the filing of the petition and without notice. Yearger made bond in the amount of $1,000, and filed petition in the county court for the sale of the personal property of the estate, and his petition for the selling of the personal property was granted and the property was sold. In May, 1922, Robert H. Green filed his petition in the said county court in the said cause and set forth that he was the eldest son and was entitled to administer the estate, and prayed that the letters of administration theretofore granted to J. E. Yearger be revoked, and that letters of administration be granted to him. Upon due notice a hearing was had and the petition was granted, and the order appointing Yearger and the letters issued to him were revoked. Letters of administration were granted to the plaintiff in error, Robert H. Green, and Yearger was ordered to file his final account as administrator, and to his final account the plaintiff in error filed an objection and protest and upon a hearing the protest was denied and the final account was approved. From this judgment of the county court the plaintiff in error, Robert H. Green, administrator, appealed to the district court, and the district court, upon a trial de novo, affirmed the judgment of the county court, from which judgment appeal has been perfected.
It is contended by the plaintiff in error that the purported appointment of J. E. Yearger as administrator of the estate, without giving of the statutory notice, and his letters and all acts done by him thereunder, are void, and that he was not entitled to credits on his account for money and property of the said estate paid out and used by him.
It is evident that plaintiff in error did not rely upon fraud in the courts below, for his petition contains no allegations of fraud whatever. Counsel will not be permitted to change their theory of the case in this court. No fraud is alleged or proved as applied to the appointment of Yearger as administrator. The question here presented is whether or not the county court of Seminole county, in the absence of notice as required by section 1147, Compiled Oklahoma Statutes 1921, had jurisdiction to grant letters of administration to Yearger. If the court had jurisdiction to grant such letters, then the acts of the administrator, Yearger, under and by virtue of such orders, are valid prior to the revocation thereof, and as such administrator Yearger is entitled to the just expense of administration by him incurred and by the courts allowed. On the other hand, if the court, in the absence of notice as required by section 1147, supra, was without jurisdiction, the order of the court appointing Yearger is not voidable, but void, and the estate cannot be charged with the moneys expended even in good faith and without fraud.
A proceeding for the grant of letters of administration is in the nature of a proceeding in rem. Kearney v. Kearney (Cal.) 15 P. 769; In re Davis' Estate, 136 Cal. 590, 69 P. 412; Hanley v. Hanley (Cal.) 46 P. 736; Mohr v. Manierre,101 U.S. 47, 25 L.Ed. 1052; Simmons v. Saul, 138 U.S. 439, 34 L.Ed. 1054; Garrett v. Boling, 68 Fed. 51, 15 C. C. A. 209; Clark v. Rossier (Idaho) 78 P. 358; Rice v. Tilton (Wyo.) 82 P. 577.
The original order granting letters of administration to Yearger showed on its face that notice was not given; it recited that notice was not necessary because the petitioner was the person entitled to letters and that she had waived her right. Waiver of the rights of others entitled to preference before the appointment of Yearger, a stranger, could be made, were not contained in the order, nor was reference thereto made. The order did not contain any reference to any heirs except the petitioner. The court found that the petitioner was the one entitled to appointment, and that she had waived her right of notice and appointment.
Section 1147, supra, contains the provision:
"That if the petition asks for the appointment of some person entitled under the law to appointment, and there shall accompany such petition a waiver of all persons having a prior right to appointment, then no notice shall be given, and the court shall proceed without delay to hear such petition."
The county courts of the state are courts of record and have original jurisdiction in probate matters. The presumption of regularity that applies to other courts of record applies with equal force to probate proceedings of county courts.
In Re Davis' Estate, 136 Cal. 590, 69 P. 412, it was held that the publication of notice gave the court jurisdiction over the persons of heirs as fully as jurisdiction would be *Page 285 
given by service of summons in a civil action. Curtis v. Underwood (Cal.) 36 P. 110. Without notice the heirs are not bound, but not being bound, what was their remedy? The heirs might have appeared and thereby waived the notice. Had the record shown nothing as to notice, it seems clear that the presumption would follow that notice was given and the contrary could not have been shown on collateral attack. Towmbley's Estate (Cal.) 52 P. 815; In re Griffith (Cal.) 23 P. 528.
In some jurisdictions, pursuant to the doctrine that courts of probate jurisdiction are courts of general jurisdiction within their sphere, it is generally held that their decrees granting letters of administration are conclusively presumed to be valid as against collateral attack even on the ground that the court incorrectly found the jurisdictional facts, where the court had power to determine such facts and the want of jurisdiction does not appear on the face of the proceedings. Howell v. Budd, 91 Cal. 342; Matter of Strong, 119 Cal. 663; Blackman v. Mulhall (S.D.) 104 N.W. 250; Garrett et al. v. Boeing et al., 68 Fed. 51.
The matter of notice, in our judgment, is a quasi jurisdictional fact; it may be cured or waived. As such a fact, it is not subject to collateral attack. See, also, Hanson v. Nygaard, 105 Minn. 30.
As we view the record, in the appointment of Yearger the court erroneously determined the quasi jurisdictional fact of a waiver of notice. The appointment of Yearger must, therefore, be treated as valid until it was annulled by the proceedings brought for that purpose, and we observe from the record that the order of the court revoking the order of Yearger simply granted the petition of James R. Green, ordered Yearger to file his final report, and appointed Green as administrator. No finding was made, as stated by plaintiff in error on page 3 of his brief, that the order appointing Yearger and the letters issued to him were revoked, set aside, and held for naught, and all his acts thereunder decreed void because no notice whatever had been given. This statement appears in the prayer of the petition and not in the findings or judgment of the court. The order appointing Yearger, to all intents and purposes, until set aside, was valid and binding upon all persons as though there had been no irregularity in the matter of notice or waiver thereof. The administrator, apparently having acted in good faith, is entitled to credits for his reasonable disbursements, and the courts having allowed these disbursements, the judgment is affirmed.
We are not unmindful of the opinion in Caulk v. Lowe,74 Okla. 191, 178 P. 101, and think the conclusions reached therein sound as predicated upon allegations of fraud. Fraud therein alleged distinguished that case from this.
NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.