(January 6, 1927.)

In the Matter of the Estate of HARRY BARR, Deceased.
[252 Pac. 676.]

EXECUTORS AND ADMINISTRATORS — ORDER OF APPOINTMENT IMPORTS
    VERITY—APPOINTMENT OF ADMINISTRATOR IMPROPERLY SET ASIDE.
    1.  Probate court's order appointing an administrator imports verity and that there was sufficient evidence to establish the necessary jurisdictional facts.
    2.  Probate court has no power to set aside order appointing an administrator for invalidity not appearing on its face, where motion therefor is not made in time limited by C. S., sec. 6726, for granting relief from judgment, not applied for during term.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Dana E. Brinck, Judge.

Appeal from an order quashing a writ of review. *Affirmed.*

--------

Publisher's Note.
    1.  See 11 R. C. L. 79.
    2.  See 11 R. C. L. 96.

See Executors and Administrators, 23 C. J., sec. 243, p. 1084, n. 43, 46, 49; sec. 279, p. 1105, n. 81, New.

Geo. H. Smith, H. B. Thompson and J. H. McEvers, for Appellant.

Where decedent is a resident of Idaho at the 'time of his death, the probate court of the county of his residence has exclusive jurisdiction, and administration proceedings had in any county other than that of his residence are absolutely void. (*In re Paulsen's Estate,* 35 Cal. App. 654, 170 Pac. 855; *Beckett v. Selover,* 7 Cal. 215, 236, 68 Am. Dec. 237; *Haynes v. Meeks,* 10 Cal. 110, 70 Am. Dec. 703; *Ewing v. Mallison,* 65 Kan. 484, 93 Am. St. 299, 70 Pac. 369; *Reynolds v. Lloyd Cotton Mills,* 177 N. C. 412, 99 S. E. 240, 5 A. L. R. 284; *Baca v. Buel,* 20 N. M. 225, 210 Pac. 571; *Mallory v. Burlington & M. R. Co.,* 53 Kan. 557, 36 Pac. 1059; *Paine v. Folsom,* 107 Me. 337, 78 Atl. 378; *In re Bailey's Estate,* 31 Nev. 377, 103 Pac. 232; *Neal v. Boykin,* 129 Ga. 676, 121 Am. St. 237, 59 S. E. 912; *Union Savings Bank & Trust Co. v. Western Union Tel. Co.,* 79 Ohio, 89, 128 Am. St. 675, 86 N. E. 478; *Hickey v. Stallworth,* 143 Ala. 535, 111 Am. St. 57, 39 So. 267.)

The court's order suspending the powers of administration entered pursuant to C. S., sec. 7544, was and is a valid order. (*In re Kelly's Estate,* 122 Cal. 379, 55 Pac. 136; *Schroeder v. Superior Court,* 70 Cal. 343, 11 Pac. 651; C. S., secs. 7549, 7578, 7599, 7600; *In re Rathgeb's Estate,* 125 Cal. 302, 57 Pac. 1010.)

Where a petition avers that a court acted without jurisdiction in making an order or entering a judgment and the facts are not denied or are admitted, the record stands the same as though the jurisdictional defects were apparent on the face of the record. (*Hill v. City Cab & Transfer Co.,* 79 Cal. 188, 21 Pac. 728; *In re Paulsen's Estate,* 35 Cal. App. 654, 170 Pac. 855.)

C. S., sec. 6726, has no application to a petition filed by a defendant who has been sued by an administrator to vacate the original order appointing the administrator, on the grounds of a lack of jurisdiction in the probate court to make the appointment. (Sec. 6726, C. S.; *In re Paulsen's Estate supra; Norton v. Atchison, T. &*

*S. F. R. Co.,* 97 Cal. 388, 33 Am. St. 198, 30 Pac. 585, 32 Pac. 452; *De La Montanya v. De La Montanya,* 112 Cal. 101, 53 Am. St. 165, 44 Pac. 345, 32 L. R. A. 82; *Labar v. Nichols,* 23 Mich. 310; *In re Stone's Estate,* 173 Iowa, 371, 155 N. W. 812.)

J. H. Peterson and T. C. Coffin, for Respondent.

The fact that a court has entered an order taking jurisdiction of the estate of a decedent implies a determination by it, before it assumes to determine the controversy, that it had jurisdiction over the subject matter of the action and all the necessary parties thereto, and that its determination of these facts was based upon competent evidence. (*Eichhoff v. Eichhoff,* 101 Cal. 600, 36 Pac. 11; *In re Griffith's Estate,* 84 Cal. 107, 23 Pac. 528, 24 Pac. 381; *In re Dole's Estate,* 147 Cal. 188, 81 Pac. 534; *In re Latour's Estate,* 140 Cal. 414, 73 Pac. 1070, 74 Pac. 441.)

GIVENS, J.—On December 30, 1919, Harry Barr, employed in interstate commerce by the Oregon Short Line Railroad Company, left Pocatello as the fireman on a freight engine and suffered injuries at American Falls from which he died. On petition of his father and mother, residents of the state of Arkansas, the probate court of Power county, Idaho, appointed E. J. Rogers, of American Falls, Power county, administrator, July 19, 1920.

Thereafter Rogers, as administrator, a personal representative being necessary, instituted an action under the Federal Employers' Liability Act against the Director-General of Railroads for damages on account of Harry Barr's death and a verdict was rendered in favor of the administrator.

On appeal to this court by the Director-General the judgment of the lower court was reversed upon the ground of inconsistent instructions and the improper admission of evidence (*Rogers v. Davis,* 39 Ida. 209, 228 Pac. 330), and a new trial granted, at the conclusion of which a judgment for $10,000 was entered in favor of the plaintiff, from which

an appeal is now pending before this court.     (*Rogers v. Mellon, post,* p. 466, 258 Pac. 166.)

Following his appointment as administrator, E. J. Rogers filed his oath and bond August 7, 1920.

On December 16, 1924, approximately four years and four months after such qualification by Rogers as administrator, the Director-General of Railroads filed a petition in the probate court of Power county, setting forth, among other things, that at the time of the death of Harry Barr he was a resident not of Power county but of Bannock county, Idaho, which petition, in other particulars asked the following:

"(1) To enter an order suspending the powers of E. J. Rogers, as administrator;

"(2) To issue a citation directing E. J. Rogers, as the alleged administrator, to appear and show cause why his letters of administration should not be revoked;

"(3) That in the event Rogers should fail to appear in obedience to the citation that his letters of administration be revoked *ab initio;* and

"(4) That in the event Rogers should appear, that then the Court hear evidence touching upon the matters set forth in the petition, consider the record on file in the Court, and the law, and enter an order revoking the letters of administration theretofore issued."

On the same day it was ordered that Roger's letters of administration be suspended pending further investigation, and a citation issued directed to said E. J. Rogers requiring him to show cause, at a time and place therein fixed, why his letters of administration should not be permanently revoked.

A motion to strike the petition, and a demurrer, on the ground that it did not state facts sufficient for the granting of the relief asked, were filed. At the same time the administrator filed his petition which was unverified, although signed by the administrator, asking that he be reinstated as administrator of the estate.

After a hearing on December 29, 1924, the probate court reinstated the administrator with full power to act as said administrator.

On January 5, 1925, the probate judge denied the motion of the Director-General for modification of the previous order made.

On January 10, 1925, an order was entered by the probate court of Power county transferring the cause to Bannock county, reciting that the order was entered under the provisions of C. S., sec. 7451, and thereafter the files were transferred to Bannock county.

The appeal herein is from a judgment quashing a writ of review issued by the district court at the instance of the Director-General of Railroads challenging the various acts of the Power county probate court.

[1] The appointment by the probate court of Power county was not void upon its face. An order appointing an administrator by a probate court imports verity and that there was sufficient evidence to establish the jurisdictional facts necessary to sustain the judgment. (*Clark v. Rossier*, 10 Ida. 348, at 358, 3 Ann. Cas. 231, 78 Pac. 358; *In re Brady*, 10 Ida. 366, 79 Pac. 95; *Estate of McVay*, 14 Ida. 56, at 67, 93 Pac. 28; *Idaho Trust Co. v. Miller*, 16 Ida. 308, at 311, 102 Pac. 360; *Douglas v. Douglas*, 22 Ida. 336, at 346, 125 Pac. 796; *Miller v. Mitcham*, 21 Ida. 741, at 745, 123 Pac. 141; *Fraser v. Davis*, 29 Ida. 70, at 77, 156 Pac. 913, 158 Pac. 233; *Jorgenson v. McAllister*, 34 Ida. 182, at 189, 202 Pac. 1059; *Kline v. Shoup*, 38 Ida. 202, 226 Pac. 729; *Re Griffith's Estate*, 84 Cal. 107, 23 Pac. 528, 24 Pac. 381; *Dungan v. Superior Court*, 149 Cal. 98, 117 Am. St. 119, 84 Pac. 767; 11 R. C. L., p. 78, sec. 75; 23 C. J., p. 1084, sec. 243.)

[2] C. S., sec. 6726, does not apply herein because there was no mistake, inadvertence or neglect; nevertheless the relief desired—that is, the setting aside of the void judgment where its invalidity does not appear upon its face—must be made within a reasonable time, and such reasonable time is not in excess of the time set forth in C. S., sec. 6726.

(*People v. Davis,* 143 Cal. 673, 77 Pac. 651.) No independent suit was brought to set aside the order of the Power county probate court and the motion was not made within the time specified in the statute, so not within a reasonable time (*Nixon v. Tongren,* 33 Ida. 287, 193 Pac. 731; *Blandy v. Modern Box Mfg. Co.,* 40 Ida. 356, 232 Pac. 1095); hence the probate court had no authority to set aside the appointment and his action in that regard as well as restoring the administrator was a nullity, the only valid order extant being that appointing the administrator. (*Dunsmuir v. Coffey,* 148 Cal. 137, 82 Pac. 682; *In re Dunsmuir's Estate,* 149 Cal. 67, 84 Pac. 657.)

The trial court's order quashing the writ of review is affirmed and costs are awarded to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.