(No. 4866. May 31, 1928.)

ALICE KNOWLES, Respondent, v. W. F. KASISKA and
 FRED ROBERTS, Appellants, and E. C. WHITE,
 Defendant.

[268 Pac. 3.]

Walter H. Anderson, for Appellants.

L. E. Glennon, for Respondent.

VARIAN, Commissioner.—Action by residuary legatee on the bond of executor to recover her share and that of another legatee distributed to them by decree of the probate court. The cause was tried upon the complaint as amended and a second or amended answer, to a jury, and, at the conclusion of the testimony, both plaintiff and defendants moved for an instructed verdict. The court thereupon instructed a verdict for plaintiff. The executor was not served with process, and the defendant sureties appeal from the judgment. Appellants offered no testimony.

The principal contention is that the sureties are not liable because the record of the probate court fails to affirmatively show that notices of the hearing upon application for probate of the will of Annie Hall, deceased, were mailed as required by the provisions of C. S., sec. 7446, and his appointment, and all proceedings thereunder, were therefore void.

. The statute (C. S., sec. 7445) requires that when the petition for probate of a will is filed, the judge must fix a day for hearing, not less than ten nor more than thirty days from the production of the will; that notice of the hearing shall be given by publication, if there is a newspaper published in the county, and if there is no newspaper so published, by posting notices, etc. C. S., sec. 7446, prescribes that copies of the notice must be mailed to the heirs of the testator, if resident in the state, at their places of residence, if known to petitioner, and a like copy to the person named as executor or coexecutor in the will, at least ten days before the hearing. The statute further requires that "proof of mailing the copies of the notice must be made at the hearing," and that personal service of the notice, ten days before the hearing, is equivalent to mailing.

The order of the probate court admitting the will to probate recites "that notice of said hearing was duly given as required by law," and proof of publication of notice of the time and place of hearing of the petition for probate, for the time required by statute and the order of the pro-

bate court, was filed; but there is no express reference to mailing copies of the notice to the heirs of Annie Hall, deceased.

Probate courts, under sec. 21, art. 5, of the constitution, are made courts of record, and have original jurisdiction in all matters of probate, and their judgments cannot be collaterally attacked. (*Clark v. Rossier*, 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358; *Connolly v. Probate Court*, 25 Ida. 35, 136 Pac. 205; *Jorgensen v. McAllister*, 34 Ida. 182, 202 Pac. 1059; *Daniels v. Isham*, 40 Ida. 614, 235 Pac. 902.) And in probate matters, the same verity attaches to the judgments, record and proceedings of the probate court, as attaches to the same matters in other courts of record. (*In re Brady*, 10 Ida. 366, 79 Pac. 75; *Clark v. Rossier, supra; Fraser v. Davis*, 29 Ida. 70, 156 Pac. 913, 158 Pac. 233.)

Construing similar statutes to those under consideration, a California court has held that, where the names of the heirs appear in the petition for probate, notices should be mailed to them, and where the petition is silent as to who the heirs are, publication alone is sufficient notice. (*Nicholson v. Leatham*, 28 Cal. App. 597, 153 Pac. 965, 155 Pac. 98.)

The statute requires that proof of mailing notices must be shown at the hearing, not that it be made to appear from the record. The rule is that—

" . . . . Where the record recites that which was done, nothing to the contrary may be presumed; but where the record is silent, the presumption is that that was done which was requisite to sustain the jurisdiction. (*Hahn v. Kelly*, 34 Cal. 391, 94 Am. Dec. 742; Black on Judgments, sec. 284.) And, in the absence of any showing of fraud, this presumption is conclusive." (*In re Twombley's Estate*, 120 Cal. 350, 52 Pac. 815.)

See, also, *In re Barr's Estate*, 43 Ida. 400, 252 Pac. 676; *In re Griffith's Estate*, 84 Cal. 107, 23 Pac. 528, 24 Pac. 381; *Rice v. Tilton*, 14 Wyo. 101, 82 Pac. 577; *In re Green's Estate*, 114 Okl. 283, 251 Pac. 1008.

██ The record of the probate court being silent as to mailing notice of hearing of application for letters testamentary to the heirs of the testatrix, it will be presumed, for the purposes of this action, that the notices were mailed, and that the probate court had jurisdiction to make the order admitting the will to probate, etc.

It is contended that the allegations of assignment of the interest in said estate of Thomas Hall to respondent are insufficient, and that proof of the assignment, prior to the commencement of this action, is wholly inadequate. The amended allegation is:

"That the plaintiff is now, by virtue of an assignment executed by the said Thomas Hall, the owner and holder of all of the right, title, and interest of the said Thomas Hall, in and to the assets of the said estate."

The respondent is a sister of Thomas Hall, who resides at Kemmerer, Wyoming. She testified that her brother wrote her several letters, after she had demanded and was unable to collect the balance due both from the executor, requesting her to go ahead and "bring this case," just as "I would do for myself." And again, after respondent had notified Hall that White, the executor, seemed unwilling to pay, the former wrote her that he "guessed" they would have to go to law, and, so far as he was concerned, would leave it to her to get it (i. e., the money due), and do as she thought best. This action was commenced on August 20, 1925, and, under date of September 17th following, Hall executed a written assignment to respondent, conveying all his interest in the estate of Annie Hall, deceased. This assignment was admitted in evidence over objection and this action of the trial court is assigned as error.

 It is thought that the allegations of the assignment of Hall's interest are sufficient and that the written assignment was admissible as tending to show the intention of Hall to make an oral assignment prior to, and for the purpose of, bringing this action. The testimony fairly establishes an assignment of Thomas Hall's interest in the

estate, prior to bringing the present action, and prior to the execution of any written assignment.

It appearing that Hall's cause of action was assigned for the purpose of bringing this action, it was not necessary to allege or prove any other consideration therefor. (*Brumback v. Oldham*, 1 Ida. 709, and cases cited.)

Appellants contend that the court erred in permitting secondary evidence of the contents of Thomas Hall's letters to respondent. The testimony shows that all of these letters had been destroyed by respondent thoughtlessly, and without regard to any bearing they might have on any future controversy. Having shown the letters to have been destroyed, no proof of search for them was required before admitting secondary evidence of their contents. (22 C. J. 1054.)

The final contention is that the evidence is insufficient to sustain the verdict for respondent, in that it is not shown by the evidence that the executor ever had received any money after his appointment, and that the claim here constitutes an indebtedness due from the executor personally to deceased in her lifetime, for the reason that the probate court had no jurisdiction as heretofore stated, and that the assignment of Hall's interest was made after this action was brought. The last two particulars have already been disposed of, and it only remains to consider the first item in the last assignment of error.

The decree of distribution in the probate court, fixing the amount of money to be distributed, and its order passing upon and approving the final account of the executor, were, in the absence of fraud or collusion between the legatees and the executor, binding upon the executor and his sureties, appellants here, although they were not parties to that proceeding. (24 C. J., pp. 1079, 1080, sec. 2589, n. 24; *Treweek v. Howard*, 105 Cal. 434, 39 Pac. 20; *Bellinger v. Thompson*, 26 Or. 320, 37 Pac. 714, 40 Pac. 229; *Weyant v. Utah Sav. & T. Co.*, 54 Utah, 181, 9 A. L. R. 1119, 182 Pac. 189; *United Brethren First Church v. Akin*, 45 Or. 247, 2 Ann. Cas. 353, 77 Pac. 748, 66 L. R. A.,

N. S., 654; *Greer v. McNeal,* 11 Okl. 519, 69 Pac. 891; *Pierce v. Maetzold,* 126 Minn. 445, 148 N. W. 302.)

The cases cited by appellants to sustain their contention do not involve collateral attack upon the judgment of a court of probate. In none of them was a decree of distri-bution entered, and all but one of the cases cited involved appeals from orders allowing or disallowing administra-tor's or executor's accounts. *Sanchez v. Forster,* 133 Cal. 614, 65 Pac. 1077, as an action against an administrator and his bondsmen to recover assets belonging to the estate, and to establish a note due from the former administrator to decedent as an asset for which the sureties were liable. No question of prior adjudication was raised.

We find no reversible error in the record, and recom-mend that the judgment be affirmed. Costs to respondent.

Brinck and Baker, CC., concur.

The foregoing is approved as the opinion of the court. The judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Budge, J., deeming himself disqualified, took no part in the decision.