(No. 6062.   March 23, 1934.)

J. EDWIN THAMERT, Respondent, v. MARVIN A. YOAKUM, ELSIE J. YOAKUM (Sometimes Written and Signed E. J. YOAKUM), His Wife, WARREN J. YOAKUM, HENRY AUSMAN and IDA AUSMAN, His Wife, CHAS. A. WYMAN (Sometimes Written and Signed C. A. WYMAN) and IDA WYMAN, His Wife, Appellants.

[31 Pac. (2d) 269.]

L. L. Burtenshaw and Frank D. Ryan, for Appellants.

George Donart, for Respondent.

HOLDEN, J.—December 31, 1925, J. Edwin Thamert filed complaint in foreclosure against Marvin A. Yoakum and Elsie J. Yoakum, his wife, Warren J. Yoakum, Henry Ausman and Ida Ausman, his wife, Charles A. Wyman and Ida Wyman, his wife, and on the same day summons issued. January 7, 1926, W. M. Steckman, then deputy sheriff of Adams county, certified that he received the summons December 31, 1925, and thereafter on January 4, 1926, personally served the same in said county on all such defendants, except Warren J. Yoakum. February 9, 1926, the clerk entered the default of all the defendants so served. March 2, 1926, the foreclosure suit was dismissed, by order, as to defendant Warren J. Yoakum, and on that day decree of foreclosure was rendered and entered. Thereafter an order of sale issued and the mortgaged property sold. March 31, 1926, a deficiency judgment was docketed. January 19, 1933, Charles A. Wyman moved to vacate and set aside the decree of foreclosure and deficiency judgment upon the grounds that a copy of the summons and complaint in foreclosure were not served on him and that the complaint did not state facts sufficient to entitle the plaintiff in foreclosure to take a deficiency judgment against him. The

motion was supported by the affidavits of Marvin A. Yoakum, Elsie Yoakum, Ida Ausman, Charles A. Wyman, Ida Wyman and H. A. Bishop, and opposed by the affidavit of the deputy sheriff. Before that motion was finally decided, Wyman moved that the court make findings upon the question as to whether he had, or had not, been served with a copy of the complaint and summons in the foreclosure suit. April 29, 1933, an order was made, and later and on May 2, 1933, filed, denying the motion to vacate the deficiency judgment, but declining to make the requested findings.

As hereinbefore stated, the deficiency judgment was docketed March 31, 1926, and the motion to vacate that judgment was made January 19, 1933, more than six and nearly seven years later.

It is earnestly and forcefully contended by appellant that he had two remedies, either by suit in equity to set the decree and deficiency judgment aside, or by motion in the foreclosure suit to vacate the decree and deficiency judgment, and that such remedies are coextensive.

Appellant chose the remedy of moving in the foreclosure suit against the decree and deficiency judgment, but not under section 5–905, I. C. A., providing that a judgment taken against a party by mistake, inadvertence, surprise or excusable neglect, may be set aside. He contends, and the affidavits filed in support of his motion, strongly support the contention, that he was not served with a copy of the summons and complaint in the foreclosure suit, and, therefore, that the decree and judgment are both void, and that a court of equity has inherent power to set such decree and judgment aside at any time, even though their invalidity does not appear upon the face of the judgment-roll.

While respondent concedes that section 5–905, *supra,* has no application here, he vigorously insists that the rule announced in the matter of the *Estate of Harry Barr,* 43 Ida. 400, 404, 252 Pac. 676, is applicable to the case at bar. Barr was a fireman in the service of the *Oregon Short Line Railroad,* and on December 30, 1919,

was killed in an accident at American Falls. July 19, 1920, the probate court of Power county appointed one E. J. Rogers administrator. August 7, 1920, Rogers filed his oath and bond. Thereafter Rogers, as such administrator, commenced an action for damages against the Director-General of Railroads. December 16, 1924, approximately four years and four months after such qualification by Rogers as administrator, the Director-General filed a petition in the probate court of Power county, setting forth that at the time of the death of Harry Barr he was a resident of Bannock county and not of Power county. The petition was filed, among other things, to obtain an order revoking the letters of administration theretofore issued to Rogers and to suspend his powers as administrator. On the same day it was ordered that Rogers' letters of administration be suspended pending further investigation, and a citation issued directed to the administrator requiring him to show cause why his letters should not be permanently revoked. A motion to strike and a demurrer to the petition were filed, and at the same time the administrator filed a petition asking that he be retained as administrator. December 29, 1924, the probate court reinstated the administrator with full power to act. January 5, 1925, the probate court denied the motion of the Director-General for modification of the previous order made. January 10, 1925, an order was entered by the probate court of Power county transferring the cause to Bannock county. The appeal to this court in the Barr case, was from an order of the district court for Power county quashing a writ of review issued at the instance of the Director-General challenging the various acts of the Power county probate court. This court held that ''C. S., section 6726 (now section 5–905, I. C. A.) does not apply herein because there was no mistake, inadvertence or neglect; nevertheless, the relief desired —that is, the setting aside of the void judgment where its invalidity does not appear upon its face—must be made within a reasonable time, and such reasonable time is not in excess of the time set forth in C. S., section 6726 (citing

cases). No independent suit was brought to set aside the order of the Power county probate court and the motion was not made within the time specified in the statute, so not within a reasonable time (citing cases), hence the probate court had no authority to set aside the appointment and his action in that regard as well as restoring the administrator was a nullity, the only valid order extant being that appointing the administrator (citing cases)."

We have examined the complaint in foreclosure (a part of the judgment-roll), in the case at bar, and find from such examination, that it states sufficient facts to support the deficiency judgment, and it further appears that the decree of foreclosure is regular on its face, and that that is also true of the deficiency judgment. The alleged failure to serve a copy of the summons and complaint upon appellant does not appear upon the face of the judgment-roll, and appellant did not commence an independent suit in equity to set the decree and deficiency judgment aside, and the motion to vacate the same was not made until nearly seven years after the deficiency judgment was docketed.

The judgment-roll being regular and sufficient on its face, we conclude that, under all the facts shown by the record, this is a proper case for the application of the rule in the Barr case. Applying the rule in and upon the authority of that case, the order of the trial court is affirmed, with costs to respondent.

Givens, Morgan, and Wernette, JJ., concur.