[S. F. No. 1327. Department Two.—June 24, 1899.]

In the Matter of the Estate of JOHN WALKER, Deceased. J. M. WALKER, Appellant, v. J. L. WALKER, Respondent.

ESTATES OF DECEASED PERSONS—FINAL ACCOUNT OF ADMINISTRATOR—DEBT CHARGEABLE AS MONEY—LIABILITY OF SURETIES.—In the settlement of the final account of an administrator, he is to be charged with a personal debt due from him to the decedent, as money on hand; and his sureties are bound for so much of the debt as he has had the means to pay.

ID.—INSOLVENCY OF ADMINISTRATOR—FICTION OF LAW—INJUSTICE NOT ALLOWED.—The debt due from an insolvent administrator is not for all purposes to be regarded as money on hand; but it is so regarded by a fiction of law, which can only subsist with justice, and should not be allowed to work injustice either by charging the administrator with contempt or embezzlement, in not paying over moneys not received, and which he was wholly unable to pay, or by charging the sureties with liability beyond the faithful discharge of the duties of the administrator.

ID.—FORM OF DECREE SETTLING ACCOUNT—SHOWING AS TO DEBT.—In case of insolvency of the administrator, and his inability to pay the debt to the estate, which has remained uncollected without his fault, the proper form of the decree in settling his final account is to charge him with the entire sum, including the debt due from himself, and then to show what portion of the amount consists of debts due from the administrator to himself.

ID.—OFFERED PROOF OF INSOLVENCY—DECREE SETTLING ANNUAL ACCOUNT.—The rejection of offered proof of insolvency upon the settlement of the final account of the administrator, is without injury, where the decree settling the annual account offered by the contestant, shows that the administrator was charged therein, not for money actually received, but for a debt due from him to the estate. Either such offered proof, if admitted, or such decree, entitles the administrator to a final decree showing on its face what portion of the money charged against him is for such personal debt due.

APPEAL from a decree of the Superior Court of Sonoma County, settling the final account of an administrator. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

J. M. Thompson, for Appellant.

The fiction of law that a debt of an administrator is to be considered as money on hand, is based upon the supposed ability of the administrator to pay; and ought not to be allowed to work injustice against an insolvent administrator, or his sureties. (*McCoy v. Allen,* 9 Ohio C. C. 607; *Lyon v. Osgood,* 58 Vt. 707; *In re Georgi,* 47 N. Y. Supp. 1061; 21 Misc. Rep. 419; *McCarty v. Frazer,* 62 Mo. 263; *Baucus v. Stover,* 89 N. Y. 1; *Baucus v. Barr,* 107 N. Y. 624, affirming 45 Hun, 582; *Keegan v. Smith,* 39 N. Y. Supp. 826; Woerner on Administration, secs. 311, 512, and cases there cited; *Rader v. Yeargin,* 85 Tenn. 486; *Harker v. Irick,* 10 N. J. Eq. 269; 7 Am. & Eng. Ency. of Law, 218, and cases there cited.)

J. R. Leppo, for Respondent.

The order settling the previous annual account was conclusive against the administrator, as to the balance in his hands, no appeal having been taken therefrom, and could not be departed from in the final account. (*In re Couts,* 100 Cal. 403, 404; *Miller v. Lux,* 100 Cal. 614; Code Civ. Proc., secs. 1637, 1908.)

TEMPLE, J.—The appellant, J. M. Walker, is the administrator of John Walker, deceased, and the appeal is from the decree settling his final account as administrator, he having resigned his trust.

Before the death of John Walker appellant was indebted to him in the sum of eight thousand dollars, with interest, and alleges that he was at the time of his appointment, and ever since has been, entirely insolvent. Upon the settlement of his final account he offered evidence to prove his insolvency, and that the debt due from him to the estate remained uncollected without his fault. An objection was made to the offered evidence on the ground of incompetency, irrelevancy, and immateriality, and because the matter has been adjudicated and settled in the decree settling the annual account. For the purposes of this appeal, therefore, the evidence rejected must be deemed sufficient to establish the fact that the debt was uncollectible, and the controversy is as to its materiality. It may be remarked here, however, that insolvency might not be a reason for not

charging the administrator, even if the view contended for by the appellant be correct.    One may be insolvent and yet be able to pay a particular debt.    He may have some property and yet not enough to pay all his debts, and if in law he could prefer one creditor over another, which ordinarily he may, then it was his duty as administrator to pay this debt so far as he could.

The appellant admits that the general rule is that the administrator is to be charged with a debt due from him to the estate as money on hand, but contends that he may show, at least on his final settlement, that he has never at any time while administrator had the means to enable him to pay the debt or any part thereof.    Further than this, unquestionably, the contention could not logically go, since, as he cannot sue himself, and yet it is his duty to collect the debt for the estate, he must be held officially liable for any money he could have so applied at any time during his official term.    If he has not so applied it, he has not faithfully executed the duties of his trust according to law, and his sureties may also be held; for it is so nominated in the bond.    But in this case it stands, for the purposes of this appeal, admitted that the administrator has at no time during his term had one dollar which he could have so applied; and the decree finds and adjudges that he has something over ten thousand dollars in cash on hand, which decree renders him liable to be imprisoned for contempt for not paying over as directed, and perhaps liable to prosecution for embezzlement, and constitutes an estoppel against his bondsmen, who will in consequence be required to pay money to the estate which has not been lost by the administrator, and which otherwise the estate would never have received.    They have not only become liable for the faithful discharge of his duties, which is all they expressly undertook, but also that the administrator is solvent and will pay his indebtedness to the estate.

In other words they are held liable, although the administrator has in fact faithfully performed the duties of his trust according to law, because of a fiction of the law, that money due from such an administrator shall, as against him, be deemed money in hand.    All fictions of the law, we have been taught, were created to enable the court to do justice and where to indulge a fiction is to cause injustice its just limit has

been found. *In fictione juris semper aequitas existit.* The courts have not considered the debt from an insolvent administrator or executor to the estate money in hand, for all purposes. When an application is made to sell property to pay debs, it is no reply to say that the administrator has sufficient money in hand for that purpose—if this be fictitious money consisting of a debt due from an insolvent executor. It is then regarded as an uncollectible asset. · (*In re Georgi,* 47 N. Y. Supp. 1061; 21 Misc. Rep. 419.) Even in Massachusetts, where the doctrine is more strictly adhered to, and where it is held that the sureties are bound for the debt of an insolvent administrator (*Stevens v. Gaylord,* 11 Mass. 269; *Winship v. Bass,* 12 Mass. 198), it was nevertheless held that if the debt is secured by a second mortgage the estate could redeem from a sale made under the first. (*Kinney v. Ensign,* 18 Pick. 232.) Of course, if the money had been paid the lien was discharged and the estate had no right to redeem, but Judge Shaw said: "The taking of administration by a debtor is not, in fact or in law, to all purposes payment of the debt; as between the administrator himself and those beneficially interested in the estate, he is held to account for it as a debt paid, from convenience and necessity—because the administrator cannot sue himself, and cannot collect his own debt in any other mode than by crediting it in his administration account. On technical grounds, as well as on considerations of policy, an administrator is not permitted to show · that he could not collect a debt due from himself. But this is in the nature of an estoppel; and it is a well-settled rule that, although a party is bound by an estoppel as of a fact proved or admitted, yet it shall not be taken as a substantial fact, from which other facts can be inferred, . . . . but such a legal fiction will never be allowed to work wrong and injustice." So the estate was allowed to redeem, which it would have had neither the occasion nor the right to do if it already had the money due from its debtor.

The force of the last case may be somewhat weakened by the subsequent case of *Tarbell v. Jewett,* 129 Mass. 457. No question is raised in that case, however, as to the effect the insolvency of the administrator might have upon the question. I am not disposed to deny that, so far as the administrator has the

means to pay, he and his sureties may be charged with the money as in the hands of the administrator.

In the case of *Baucus v. Stover*, 89 N. Y. 1, while the court strenuously insists that the debt must be deemed collected, it nevertheless holds that it will not for all purposes stand on the same footing as money collected. He, the administrator, cannot be committed for a contempt for not paying it over in pursuance of a final decree. Here it is interesting to ask, why? It has been solemnly adjudged that he actually has the money in hand, and, of course, that being so, he can and should pay it over. Is not the mistake in allowing a decree so absolute to be entered?

In fact, it was also said that it would be well for the surrogate in the decree charging the executor with the debt as so much money "to specify the charge thus made separately, so as to save all the rights of the executor and to protect him against consequences which ought not to follow from such a charge." Whether the sureties would be bound for the debt under such a decree the court expressly declined to decide.

This was the case of an executor, and the state of New York has a statute from which section 1447 of our Code of Civil Procedure was taken. The two provisions are practically identical. The court was applying the language of the statute to the case and felt bound by its absolute terms.

The appeal was from a decision of the general term, reported 24 Hun, 109. The lower court was reversed, but the appellate tribunal seems to have been impressed with the views of the lower court, and apparently attempted to avoid some inconveniences pointed out in an able opinion rendered by Judge Bockes. Judge Bockes thought while the executor might be held liable to the estate he should not be made subject to be imprisoned for debt, as he would be if charged by such a decree. Nor should his sureties be made to pay his individual debt if it has not been lost by his failure to do his duty as executor. The court of appeals met these objections by suggesting to the probate court to show by its decree how much was real money in the hands of the executor and how much was constructive money. The constructive money may be a just liability against the executor, but the fiction becomes an unjust reality when

the charge is entered, without qualification, in the final decree.

The sequel to the case of *Baucus v. Stover, supra,* was a suit on the bond against the executor and his sureties. The appeal to the supreme court is reported in 45 Hun, 582. It was held that the decree was not conclusive against the sureties nor against the executor in a contempt proceeding. This, as the court determined, was in accordance with the ruling in *Baucus v. Stover, supra,* and of the following cases from other states: *Harker v. Irick,* 10 N. J. Eq. 269; *Ordinary v. Kershaw,* 14 N. J. Eq. 528; *McCarty v. Frazer,* 62 Mo. 263; *Garber v. Commonwealth,* 7 Pa. St. 265; *Piper's Estate,* 15 Pa. St. 533.

The court said that the sureties did not agree to augment the estate, but that the executor would not waste it or be in default, that the executor was not in default and there was no deficiency to make good. He had all that had come to his hands and all that by the greatest diligence he could get. All this he was ready to distribute; more he could not do, unless he could make something out of nothing. This judgment was affirmed. (*Baucus v. Barr,* 107 N. Y. 624.)

Sureties are usually entitled to be subrogated to the securities held by the creditor. Here they would succeed to the debt against the administrator. They are simply compelled to purchase a worthless debt which they did not guarantee. Is it possible that this legal fiction can work such a result? The estate has lost nothing by the administration. By the procedure recommended in *Baucus v. Stover, supra,* as to the form of the decree settling the final account, the estate would still retain the personal demand against the administrator, changed to a judgment. And there being no official delinquency, except that created by the fiction which must stop where equity fails to go with it, there can be no reason for holding the sureties. They are considered as estopped by the decree founded, not on a fact, but on the fiction. The administrator, so far as the decree can subject him to imprisonment for failing to pay over the money, has equal reason to complain of its form.

The same conclusion was reached in a different way by the supreme court of Vermont in *Lyon v. Osgood,* 58 Vt. 707. It was a suit in equity by a surety to reform the decree because it charged the executor with his entire personal debt, whereas

it was alleged he had the means to pay only a part of it. The
relief was granted, the court saying that the executor should
not be charged for his personal debt beyond his actual ability
to pay, "for only to that extent does he by his appointment
receive money from himself belonging to the estate. And
again the authorities are cited. They need not be repeated
here. Unquestionably there is a conflict, but Woerner in 2
American Administration, 1140, states that sureties are held
not bound when the administrator is utterly insolvent in In-
diana, Maine, Wisconsin, New Jersey, New York, Oregon, Penn-
sylvania, Tennessee, and Vermont.

If this view is to prevail, there may arise a question as to the
proper form of entering the decree settling the final account.
It seems to me the mode suggested in *Baucus v. Stover, supra,*
is a proper method, and that the decree involved here should be
so modified. The administrator should be charged with the en-
tire sum, including the debt due from himself, and the decree
should then show what portion of that amount consisted of
debts due from the administrator which he reported as cash on
hand. Of course, if it appears that he actually has the money,
this formula would be unnecessary.

But under such a decree the administrator might be able to
purge himself of contempt, and the sureties, if it should be held
to be a defense—for that is not involved here—could show that
some portion of it the administrator never had the means to
pay. And the heirs could still proceed against the adminis-
trator and collect the amount from him if he acquired the
means.

The case of *Treweek v. Howard,* 105 Cal. 434, is much relied
upon by respondent. That was against the sureties of an
executor. That decision was based upon the estoppel of the
decree and upon section 1447 of the Code of Civil Procedure,
which was construed to mean that the liability of the executor
for such debt was in all respects the same as for money in his
hands.

That decision may be justified by the estoppel of the decree.
The question is not so presented here. So far as it is based upon
the statute, it is apparently in conflict with the cases in New
York construing the statute from which our code provisions are

taken. This is, however, not the case of an executor. The code lays down no such rule in regard to administrators. They are still left under the common-rule law rule, under which, as we have seen, the debt due the estate from an insolvent administrator is not for all purposes regarded as money on hand, but is so regarded only by a fiction of law which can only subsist with justice.

I do not see under this view that the appellant was injured by the ruling rejecting the offered evidence. The court should perhaps have permitted the evidence to be given, but the only relief it could have entitled him to receive is warranted by the evidence put in by the contestant. The decree settling the annual account, including the findings, show that the administrator was charged, not for money actually received, but for a debt due from him to the estate. In *Miller v. Lux,* 100 Cal. 609, it was held that the decree is in realty a judgment and the findings are a part of the judgment-roll. The findings in the matter of the first contest contain a full statement of the facts.

The case is remanded, with directions to modify the decree so that it will appear upon the face thereof that a certain portion of the money in the hands of the administrator, to be stated therein, is for a personal debt due from the administrator to the estate of the decedent.

McFarland, J., and Henshaw, J., concurred.