[L. A. No. 1343.  Department Two.—September 29, 1903.]

In the Matter of the Estate of JAMES THOMAS, Deceased. WILLIAM J. THOMAS, Administrator, Appellant, v. REBECCA L. THOMAS et al., Respondents.

ESTATES OF DECEASED PERSONS—FINAL ACCOUNT OF ADMINISTRATOR— INDEBTEDNESS ON NOTE—APPRAISEMENT.—In settling the final account of an administrator, where it appears that he had received funds of his own sufficient to pay the full amount of his promissory note to the decedent, he is properly chargeable, in the absence of other facts affecting the position, with the full amount thereof, in the settlement of the account, notwithstanding it was appraised at eight hundred and fifty dollars less than its face value.

ID.—PAYMENT ON ALLEGED DEBT TO WIFE—PRESUMPTION IN SUPPORT OF DECISION.—Unsatisfactory testimony of the administrator that he applied the greater part of the funds received on an indebtedness to his wife, for money received from her thirteen or fourteen years before the trial, for which no note or other evidence of debt was given, and in support of which the wife was not called as a witness, nor her absence accounted for, is not sufficient to overcome the presumption in support of the decision, that the finding of the court was to the contrary, and its finding on this point must be sustained.

APPEAL from an order of the Superior Court of Los Angeles County settling the final account of an administrator and distributing the estate of a deceased person.   Lucien Shaw, Judge.

The facts are stated in the opinion.

Charles H. Mattingly, for Appellant.

A debtor may pay one creditor in preference of another, and this applies to an administrator who is indebted to the estate.   (Civ. Code, sec. 3432; *Estate of Walker,* 125 Cal. 240-242; *Piper's Estate,* 15 Pa. St. 533; *Lyon* v. *Osgood,* 58 Vt. 714; *Sanchez* v. *Forster,* 133 Cal. 614; *McCarty* v. *Fraser,* 62 Mo. 263.)

Leon F. Moss, for Respondents.

A debt due from the administrator to the decedent is to be considered as the equivalent of cash in the administrator's

hands, at common law. (*Stevens* v. *Gaylord,* 11 Mass. 256, 269; *Leland* v. *Felton,* 83 Mass. 531, 535.; *Tarbell* v. *Jewett,* 129 Mass. 461.) In California the administrator is liable to the extent of his ability to pay. (*Estate of Walker,* 125 Cal. 242;[1] *Sanchez* v. *Forster,* 133 Cal. 614.) The administrator's entire story of indebtedness to his wife was unreasonable and improbable, and the court found that he had the means, and it was his duty, to pay his debt to the estate.

SMITH, C.—This is an appeal of the administrator from an order of settlement of his final account and of distribution of the estate. The appellant, it appears, is the son of deceased, and was indebted to him at the time of his death in the sum of thirteen hundred dollars, with interest at the rate of six per cent from January 2, 1896, secured by promissory note of that date. The note was valued in the inventory at six hundred and fifty dollars, and is charged at that amount in the administrator's account. But in the words of the order of settlement: "The court charges the administrator with fifteen hundred dollars as the amount he should have applied of his own funds to said note—making an additional charge of eight hundred and fifty dollars." This is assigned as an error in the bill of exceptions, and is the only error complained of, or that need be considered. It is in effect found by the court that the appellant had received during his administration sufficient sums of money of his own to have enabled him to pay the sum of fifteen hundred dollars on his note; nor is this fact disputed. Assuming this to be the case, it would follow, in the absence of other facts affecting the position that the appellant was accountable for the amount charged against him. (Code Civ. Proc., sec. 1615; *Sanchez* v. *Forster,* 133 Cal. 615.) But it is claimed by the appellant that the moneys received by him were paid on an alleged indebtedness of twelve hundred dollars to his wife, "with legal interest from 1878 or 1879"; and that (as compared with the sum of $631.69—the amount of appellant's commission and distributive share, left to be applied on his debt to the estate) the amount paid to his wife was no more than a just proportion of his available funds. And upon these alleged facts it

[1] 73 Am. St. Rep. 40.

is contended that, under the authorities cited below and others, he was entitled to make this application of his assets. (Civ. Code, sec. 3432; *Estate of Walker,* 125 Cal. 242.[1]) But the foundation of this contention is the alleged fact of appellant's indebtedness to his wife, and in support of the decision of the court below it must be presumed that on this point the finding of the court was to the contrary. The question to be considered, therefore, is as to the sufficiency of the evidence to justify this finding; and this, we think, must be answered in the affirmative. The only evidence on the point was the testimony of the appellant, which can hardly be "deemed satisfactory." (Code Civ. Proc., sec. 1835.) The alleged indebtedness was for money received from his wife thirteen or fourteen years before the date of the trial. Nothing had ever been paid on it prior to the appellant's appointment as administrator except eighty-five dollars—the value of some land conveyed to her in the year 1899, shortly before the death of the intestate. No note or other written evidence of the indebtedness was given, nor does the witness give any clear and consistent account of the terms of the transaction. And finally the alleged creditor was not herself called as a witness or her absence accounted for. (Code Civ. Proc., sec. 1963, subd. 6.) The finding of the court on this point must therefore be sustained. This conclusion renders it unnecessary to consider other points in the case.

We advise that the order appealed from be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.

Hearing in Bank denied.

[1] 73 Am. St. Rep. 40.