In the Matter of NEWCOMB INTERESTS, INC., a corporation doing business as Casa Del Rey Hotel, Bankrupt.
No. 44913.

United States District Court
N. D. California, S. D.
April 1, 1959.

A. Don Duncan, San Francisco, Cal., for petitioner.

Shapro, Anixter & Aronson, Burlingame, Cal., James M. Conners, San Francisco, Cal., for trustee.

OLIVER J. CARTER, District Judge.

The matter before the Court is a petition for review of an order made by the Referee in Bankruptcy.

The relevant facts, which are undisputed, are as follows. On July 25, 1946 the petitioner, Harry A. Farros, and two other persons who were then, with him, co-owners of the Casa Del Rey Hotel in Santa Cruz, California, entered into a written agreement leasing the hotel, for a period of fifteen years and one month, to Newcomb Interests, Inc. The lessors at that time held a general on-sale liquor license, which was in use at the hotel. The lease transferred that license to Newcomb, but with the provision that on termination of the lease, the license would be retransferred to the lessors without their making any payment for its return. Concurrently with the making of the lease, Newcomb executed, as security for payment of the rent, a chattel mortgage on the personal property located in the hotel. Both the lease and the mortgage were then duly recorded, and the lessee went into possession.

In August 1954 lessee failed to pay the rent then due, and remained in default during the following month. On September 30, 1954, petitioner Farros, who had previously secured sole ownership of the hotel from his former co-owners, foreclosed the chattel mortgage, terminated the lease, and retook possession of the hotel. Newcomb, however, refused to retransfer the liquor license.

On June 6, 1955, an involuntary petition in bankruptcy was filed against

Newcomb, and on July 18, 1955, the corporation was adjudged bankrupt. Petitioner then filed, in the bankruptcy proceedings, a claim of interest against the license. On November 2, 1956, however, the Referee in Bankruptcy granted the trustee's petition to sell the license, with other personal property, free and clear of liens. Farros, while stipulating to the sale of the license, petitioned for review of the Referee's order, seeking to establish his right to the proceeds of the sale.

■ In reviewing actions of referees in bankruptcy, the District Courts are bound, by General Order 47, 11 U.S.C.A. following section 53, to accept findings of fact unless they are clearly erroneous. The question presented here, however, is solely one of law, as to which no presumption of correctness applies. Walker v. Commercial National Bank of Little Rock, 8 Cir., 1954, 217 F.2d 677. The Referee's finding, therefore, while entitled to respect, cannot be approved without the Court's independent determination of the law.

■ The Referee found that, as against the trustee in bankruptcy, the petitioner had no interest in the license transferred under the lease. The basis for that finding was the conclusion that the retransfer agreement had been invalidated by Section 7.3 of the Alcoholic Beverage Control Act, now Section 24076, West's Ann. California Business and Professions Code. It is clear that the law governing the rights of the parties under the lease is that of California, the place of contracting and the situs of the property. We are led, then, to an examination of the effect of Section 7.3. As enacted in Stats.1949, c. 1348, it read as follows:

"No licensee shall enter into any agreement wherein he pledges the transfer of his license as security for a loan or as security for the fulfillment of any agreement. Each application for the transfer of a license must be accompanied by or contain a statement verified by both the transferor and transferee specifically stating that the transfer application or proposed transfer is not made to satisfy the payment of a loan or to fulfill an agreement entered into more than ninety (90) days preceding the day on which the transfer application is filed with the board or to gain or establish a preference to or for any creditor of transferor or to defraud or injure any creditor of transferor. Said statement shall become part of the transfer application and any misrepresentation contained in said statement shall be considered the misrepresentation of a material fact."

The courts of California have not themselves been squarely presented with the question of whether the kind of agreement at issue here, if entered into after the effective date of Section 7.3, would fall under the prohibition of the statute. See Cavalli v. Macaire, 1958, 159 Cal.App.2d 714, 324 P.2d 336, in which it is expressly assumed but not decided that the statute would apply. The question has been answered, however, by the Court of Appeals for this circuit. In Citrigno v. Williams, 1958, 255 F.2d 675, a substantially identical lease-retransfer arrangement was invalidated as forbidden under Section 7.-3, and this Court, of course, is bound by that determination.

■ The lease involved here, however, was entered into in July, 1946. The operative date of Section 7.3 was October 1, 1949, and the California courts have decided that it had no retroactive effect. Saso v. Furtado, 1951, 104 Cal.App.2d 759, 232 P.2d 583; Cavalli v. Macaire, supra. Nor does the fact that the termination of the lease occurred after 1949 bring the statute into play; the lessor's rights to a retransfer of the license accrue when the lease is made. Tognoli v. Taroli, 1954, 127 Cal.App.2d 426, 273 P.2d 914. It is true that in the Citrigno case the retransfer agreement held unenforceable had been first set out in a lease entered into in 1945. But thereafter a purported assignment had been made,

and a new set of agreements signed. The Court of Appeals recognized the California rule against the retroactive application of Section 7.3, but the court specifically found that "the legal effect of the agreements made in June, 1953, involving appellants, the original lessees, and the assignees was the creation at that time of a new lease and a new tenancy between appellants and the assignees." 255 F.2d at page 679. It was because the asserted rights involved had accrued in 1953 and not in 1945 that the lessor's claim to the license was held invalid. The lease here, drawn in 1946, remained in effect unaltered until its termination. Section 7.3, therefore, cannot be held to apply to it.

█ It is settled, furthermore, that a retransfer agreement exempt from the operation of that section is not otherwise in contravention of the law or public policy of California. Saso v. Furtado, supra; Cavalli v. Macaire, supra. At least as between the lessor and lessee, then, the retransfer arrangement was binding.

█ The only further question is whether the lessee's Trustee in Bankruptcy is similarly bound. Under Section 70, sub. c of the Bankruptcy Act, 11 U.S. C.A. § 110, sub. c, "The trustee, as to all property * * * upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of the bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists." The question then is whether, under California law, the license could have been subject to any creditor's lien. The answer is clearly that it would not.

The retransfer agreement having been binding on Newcomb, the corporation's retention of the license after the termination of the lease was wrongful. On property so retained the law of California imposes an involuntary, or constructive trust. West's Ann. California Civil Code, section 2223; Church v. Bailey, 1949, 90 Cal.App.2d 501, 203 P.2d 547;

Niles v. Louis H. Rapoport & Sons, 1942, 53 Cal.App.2d 644, 128 P.2d 50. And it is settled that property held under a trust cannot be reached by the trustee's creditors. McGee v. Allen, 1936, 7 Cal. 2d 468, 60 P.2d 1026; Murphy v. Clayton, 1896, 113 Cal. 153, 45 P. 267; Nishi v. Downing, 1937, 21 Cal.App.2d 1, 67 P. 2d 1057. The rule is subject to an exception where the beneficiary, in addition to having put legal title in the trustee, so acted as to induce the trustee's creditors to rely on the apparent worth of that title, Breeze v. Brooks, 1892, 97 Cal. 72, 31 P. 742, 22 L.R.A. 257; Murphy v. Clayton, supra; In re Rogal, D.C.S.D. Cal.1953, 112 F.Supp. 712, but there is no suggestion of such acts here.

The license, then, would be exempt from the claims of any creditors. The claim of the trustee in bankruptcy, having no better standing, must also fall. Petitioner is entitled to the proceeds from the sale of the license.

It is, therefore, ordered that the order of the Referee in Bankruptcy dated November 2, 1956 be set aside, and the matter is remanded to the Referee in Bankruptcy for further proceedings not inconsistent with this opinion.