S. B. HUFFMAN, Trustee of the Estate of Newcomb Interests, Inc., a corporation, doing business as Casa Del Rey Hotel, Bankrupt, Appellant,

v.

Harry A. FARROS, Appellee.

No. 16491.

United States Court of Appeals Ninth Circuit.

Feb. 8, 1960.

Shapro & Rothschild, San Francisco, Cal., Arthur P. Shapro, Daniel Aronson, Jr., Burlingame, Cal., James M. Conners, San Francisco, Cal., for appellant.

A. Don Duncan, San Francisco, Cal., for appellee.

Before POPE, MAGRUDER and HAMLIN, Circuit Judges.

MAGRUDER, Circuit Judge.

This is a controversy between a trustee in bankruptcy and an alleged equitable owner of a liquor license. We agree with the conclusion of the district court, sitting in review upon an order of a referee in bankruptcy, that the trustee in bankruptcy, on behalf of the creditors of the bankrupt, cannot hold title to the

liquor license because he acquired such title subject to a constructive trust in favor of the claimant, appellee herein. 171 F.Supp. 704.

Appellee, Harry A. Farros, had been the proprietor of a business conducted at premises in Santa Cruz, California. As such, he possessed and owned an on-sale general liquor license issued by the State Board of Equalization of California. On July 25, 1946, appellee made a lease of the premises to Newcomb Interests, Inc., the bankrupt in this case. In conjunction with the lease, and without receiving any new or additional consideration, appellee made a transfer of the liquor license to the lessee, and caused said On-Sale General Liquor License No. P-6259-C to be transferred to and to stand thereafter in the name of the lessee, Newcomb Interests, Inc., a corporation doing business as Casa Del Rey Hotel. Paragraph 26 of this lease contained the following provision:

"That the lessor has transferred to the lessee all liquor licenses covering the sale of liquor in the demised premises, and the lessee agrees that at the expiration of the term of this lease or of the renewal period thereof, if the same is renewed, the said lessee will transfer to said lessor all liquor licenses covering said premises without any consideration whatsoever on the part of the lessor."

This lease, including of course paragraph 26 thereof, was duly recorded in the Office of the County Recorder on August 5, 1946.

It appears from the stipulation of facts that the lessee made a default in the performance of the lease agreement in failing to pay the rental due commencing with the monthly installment payable on August 1, 1954, and thereafter continued to default at all times; that the lessor proceeded to foreclose a chattel mortgage covering the personal property in said hotel, which mortgage had been given as security for the payment of the prescribed rental; and that on September 30, 1954, Farros entered again into possession of the said hotel and has been in possession at all times since.

On June 6, 1955, a petition in bankruptcy was filed against Newcomb Interests, Inc., and appellant was appointed trustee.

It is claimed by appellant that § 7.3 of the Alcoholic Beverage Control Act of California (now § 24076 of the California Business and Professions Code) rendered illegal the retransfer agreement contained in the 26th paragraph of the lease.

However, it was clearly stated in the stipulation of facts as follows:

"That on the said 25th day of July, 1946, Section 7.3 of the Alcoholic Beverage Control Act had not been adopted and there was no regulation of the Board of Equalization of the State of California preventing the legal execution and enforcement of the provisions of paragraph Twenty-sixth of said lease hereinbefore set out; that the said Section 7.3 did not become effective until October 1, 1949, more than three (3) years following the execution of said lease."

As this court stated in the clear dictum in Citrigno v. Williams, 9 Cir., 1958, 255 F.2d 675, 678–679, and as the California cases cited by the court below make clear, § 7.3 of the Alcoholic Beverage Control Act had no retroactive operation. We assume in appellant's favor, what is by no means clear to us, that § 7.3 in its prospective operation would indeed invalidate the retransfer agreement of paragraph 26. We also agree with the district court that it is of no significance that the default by the lessee, calling into play the retransfer agreement of paragraph 26, did not occur until after the state statute had gone into effect, for as the court said: "[T]he lessor's rights to a retransfer of the license accrue when the lease is made." 171 F.Supp. at page 706.

Therefore the retransfer agreement contained in paragraph 26 of the

lease was valid and binding. When the lease was terminated by the default and foreclosure by the lessor, the lessee should have executed a retransfer of the liquor license as called for in the 26th paragraph of the lease. Although the lessee had then the legal title to the liquor license, he held such bare legal title as constructive trustee for the lessor, as the California cases cited by the district court again make clear.

A judgment will be entered affirming the order of the District Court.