In the Matter of the LUSK CORPORA-
TION et al., Debtors, Appellees,

v.

ARIZONA STATE TAX COMMISSION,
Appellant.

No. 25789.

United States Court of Appeals,
Ninth Circuit.

June 26, 1972.

Rehearing Denied Aug. 21, 1972.

188

Leonard M. Bell, Asst. Atty. Gen. (argued), Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for appellant.

Russell E. Jones (argued), of Molloy, Jones, Hannah, Trachta & Coolidge, Tucson, Ariz., for appellees.

Before KOELSCH, WRIGHT and WEICK,* Circuit Judges.

KOELSCH, *Circuit Judge.*

This matter is here on the appeal of the Arizona State Tax Commission from a judgment of the district court, affirming a determination of the special master in a corporate reorganization proceeding under Chapter X of the Bankruptcy Act.

It involves two issues, the principal one being whether The Lusk Corporation, one of the corporate debtors included in the proceeding was, during the period under consideration, engaged in Arizona in the business of "contracting" (Ariz.Rev.Stat. § 42–1310(2) (i)) as that term is defined in Ariz.Rev.Stat. § 42–1301(4) [1] and hence was subject to the "transaction privilege" and "education excise" taxes imposed upon contractors by Ariz.Rev.Stat. §§ 42–1309, subsec. A and 42–1361.

The master concluded that Lusk was not a "contractor" within the purview of

Ariz.Rev.Stat. § 1310(2) (i); he recommended that the Commission's claim be rejected. This conclusion was predicated upon elaborate findings to the effect that Lusk "was not engaged in the construction or building business" but instead was engaged in developing real estate; that Lusk did not "directly or indirectly" build the dwelling houses upon lots in the subdivision which .it developed, but that such construction was performed by Broadway Construction Co., Lusk's wholly owned subsidiary, pursuant to contracts entered into between Broadway and those persons who had agreed to purchase Lusk's lots. The master, however, out of an abundance of caution, did determine that Lusk's liability, should his conclusion be held erroneous, would amount to $99,281.39, inclusive of interest to the date of Commission's claim.

The district court adopted the findings of the master and approved his recommendation disallowing the claim.

Like the district court, we accept the master's findings of fact but, unlike the district court, we disagree with his legal conclusions.

■ The term "contractor" as defined in Ariz.Rev.Stat. § 42–1301(4) includes not only persons who construct any building, but it extends as well to those who construct any "project, development or improvement . . ." Lusk's development work, to which the master referred in his findings, consisted not only of the platting of residential subdivisions in large tracts of land which it purchased, but also included the construction of all the extensive (and no doubt expensive) "off-site" improvements such as streets, sidewalks, sewer lines, etc., essential to the intended use

* Honorable Paul C. Weick, United States Circuit Judge, Akron, Ohio, sitting by designation.

1. Ariz.Rev.Stat. § 42–1301(4), so far as need be noticed, provides as follows:
"'Contractor' * * * means a person * * * who undertakes to or offers to undertake to * * * or does

himself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building * * * or other structure, project, development or improvement * * * without regard to whether or not the contractor is acting in fulfillment of a contract."

of the property and preliminary to its public offering. Such activities constituted "contracting" and made Lusk subject to the two excise taxes.[2]

The remaining issue concerns Commission's claim for Arizona income taxes withheld by Lusk and its subsidiaries from the wages of individual employees. The master allowed the claim for $1,715.14, the full amount assertedly withheld, but he disallowed interest and penalty; in addition, he denied the Commission's claim for immediate payment as a trust fund.[3]

The master, although recognizing that by Arizona law, moneys withheld as income tax are constituted a trust fund for the State in the hands of the employer [Ariz.Rev.Stat. § 43–188(g) (2)] ruled that the claim was not entitled to priority because the debtors had not kept the tax moneys separate from their own funds and the Commission had failed to identify them in the debtors' estates.

The Commission argues that the state statute and the decision of the Arizona Court of Appeals in Hurst v. Hurst, 1 Ariz.App. 603, 405 P.2d 913 (1965), relieve it of the usual requirement imposed upon a beneficiary of a trust to trace trust funds which have been commingled by the trustee with his own and entitled it to immediate payment. We must disagree. This same argument was made and rejected in Elliott v. Bumb, 356 F.2d 749 (9th Cir. 1966), a bankruptcy proceeding under chapter VII; involved in that case was a California statute which undertook " . . . to dispense with the beneficiary's need to trace." 356 F.2d at 754. This court concluded that tracing was, nevertheless, essential to special priority treatment; this holding was based upon the principle that "A state rule which purports to fasten a general lien on a person's estate in the event of insolvency or a general liquidation must be regarded as a priority in disguise and incompatible with the order of distribution prescribed for bankruptcy." 356 F.2d at 754.

Moreover, the Supreme Court, in a case of an arrangement proceeding under Chapter XI, has recently invoked a variation of this same principle and concluded that the federal statute [26 U.S. C. § 7501] which constitutes withheld income taxes a trust in the hands of the debtor-employee, must yield to the requirement of tracing when bankruptcy has intervened. United States v. Randall, 401 U.S. 513, 91 S.Ct. 991, 28 L. Ed.2d 273 (1971).[4] We are persuaded that the principle announced and followed in the *Elliott* and *Randall* cases applies here. It follows that the master's ruling was correct.

In sum, we conclude: that the judgment on the withholding tax claim should be affirmed; that the judgment on the transaction privilege and education excise tax claims should be reversed and the matter remanded to the district court with directions to enter judgment

2. The form contract used by Lusk in its sale of development lots provides that "Developer [Lusk] agrees to employ the Contractor [Broadway] to construct a house. . . . " The contract also provides that once the purchaser's loan application has been approved, "the Developer shall cause the house to be constructed within 120 days from start of construction . . " and that all of purchaser's communications with respect to house construction must be directed to Lusk. Further, Lusk undertakes to furnish "all onsite and offsite improvements." From this contractual language it is clear that Lusk falls within the statutory definition of "contractor" with respect to both house construction and lot improvement, as by the terms of the instrument Lusk "undertakes * * to construct" house and improvements. We note that, whether or not Lusk agreed in its contracts to build houses and improve lots, the statute would apply here by virtue of Lusk's having done the construction and improvement work. Ariz.Rev. Stat. § 42–1301(4).

3. On this appeal the Commission does not attack the ruling disallowing interest and penalty.

4. Affirming In re Halo Metal Products, Inc., 419 F.2d 1068 (7th Cir. 1969).

for the Commission on said claims in the sum of $99,281.39; and that no costs should be allowed.

It is so ordered.